PER CURIAM.
We affirm on the authority of Ray v. State, 403 So.2d 956 (Fla.1981), and Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). Discharge of a firearm in public, section 790.15, Florida Statutes (1981), is not a necessarily lesser included offense of aggravated battery, section 784.-045(l)(b), Florida Statutes (1981).[1] However, defense counsel withdrew her objection and affirmatively represented to the court that in this case discharge of a firearm in public was a permissibly lesser included offense of aggravated battery. She argued her client should only be found guilty of the lesser offense:
I submit to the analogy, if the court finds that Mr. Whetstone intentionally fired, that it’s insufficient as a matter of law to sustain a conviction of aggravated battery or simple battery but I believe the facts as adduced at trial, the Court may find the evidence was sufficient to sustain a conviction for discharging a firearm in public. (R 94).
After the judge found W.J.W. guilty of the lesser offense, counsel offered no objection. A clearer case of waiver would be difficult to imagine.
AFFIRMED.
ORFINGER, C.J., and SHARP, J., concur.
COWART, J., dissents with opinion.

. The record sustains the judge’s conclusion that all the elements of the offense of discharge of a firearm in public were in fact proved.