COBB, Chief Judge.
The defendant, Shephard, was charged by information with battery upon a law enforcement officer. The information, in pertinent part, reads:
[The State Attorney] CHARGES that CLINTON SHEPHARD, on the 21st day of December, 1982 ... did, in violation of Florida Statutes 784.03 and 784.07, knowingly commit a battery upon a law enforcement officer, CALVIN LEE WACKER, a corrections officer for the Orange County Sheriff’s Department, and in the furtherance thereof, did actually and intentionally touch or strike CALVIN LEE WACKER, against the will of the said CALVIN LEE WACKER, while said offi *480 cer was engaged in the lawful performance of his duties.
At the trial, there was evidence adduced that Shephard, while in custodial confinement, took a swing at Wacker and missed him. A brief scuffle ensued, resulting in a mild abrasion to Wacker. There was testimony that Wacker saw Shephard leap up and attempt to strike him. Assault is not a necessarily included offense of battery and, in this case, was not alleged so as to be a category two included offense under the Schedule in the Florida Standard Jury Instructions in Criminal Cases. Nevertheless, Shephard was convicted of assault on a law enforcement officer.
The defendant failed to make timely objection to the instructions by the court on assault as a lesser included offense. Therefore, we affirm on authority of Ray v. State, 403 So.2d 956 (Fla.1981), and Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). Florida Rule of Criminal Procedure 3.390 provides:
(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
The appellant concedes that his record objection was made after the jury retired. The transcript indicates that the objection was in response to the trial court’s inquiry as to “any objections to the Court’s charge as read.” (Emphasis added.) This does not imply an opportunity afforded to record prior objections; rather, it is a routine question to inquire as to whether either party believes the trial judge has misread the settled instructions.[1] Nothing in the record before this court shows that trial counsel was prevented by the trial judge from registering a timely objection. The burden is on the appellant to preserve his record. Wright v. Coca-Cola Bottling Co. of Miami, 256 So.2d 56 (Fla. 4th DCA 1971).
AFFIRMED.
FRANK D. UPCHURCH, Jr. J., concurs.
SHARP, J., dissents with opinion.

. The dissent cites Boston v. State, 411 So.2d 1345 (Fla. 1st DCA), review denied, 418 So.2d 1278 (Fla.1982). There, the trial court, after the jury retired, allowed the defendant counsel to place on the record his previous objection to the court’s denial of a requested instruction.