COWART, Judge,
dissenting:
Tried on an information charging only the minimal facts alleging an aggravated battery (§ 784.045(l)(b), Fla.Stat.), Grüne-wald was convicted of the supposed lesser included offense of improper exhibition of a dangerous weapon or firearm, a violation of section 790.10, Florida Statutes. The improper exhibition offense was apparently assumed to be, and treated as, a lesser included offense of the aggravated battery charge because the schedule of lesser included offense adopted by the Supreme Court[1] shows the improper exhibition offense as a Category Two lesser included offense of aggravated battery. The charging document in this case did not allege that (1) the defendant did “exhibit” a firearm, or (2) that the defendant exhibited a firearm “in a rude, careless, angry or threatening manner,” or (3) that the defendant exhibited the firearm “in the presence of one or more persons,” all three allegations being essential to allege a violation of section 790.10, Florida Statutes.
I dissent because I continue to believe that it is a violation of constitutional due process to convict a defendant of a crime not charged and that such a violation constitutes a fundamental error not subject to implied waiver as a result of the failure of defense counsel to effectively assert the right or object to the violation before the trial court. See the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), and in W.J.W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984). As to the problem with the schedule of permissible lesser included offenses, see note 39 to the dissent in Baker v. State, 425 So.2d 36, at 57 (Fla. 5th DCA 1982), and note 3 to Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983), and the dissenting opinion to State v. Baker, Baker v. State, 456 So.2d 419 (Fla.1984).

. See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 599 (Fla.1981); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981).