COWART, Judge,
dissenting:
Tried on an information charging only the minimal facts alleging a robbery (§ 812.13, Fla.Stat.), Ards was convicted of the supposed lesser included offense of grand theft, a violation of section 812.-014(2)(a), Florida Statutes. The grand theft offense was apparently assumed to be, and treated as, a lesser included offense of the charged robbery offense because the schedule of lesser included offenses adopted by the Supreme Court[1] shows grand theft as a Category Two lesser included offense of robbery. Note that the schedule shows only petit theft (§ 812.-014(2)(c), Fla.Stat.), to be a Category one (necessarily) lesser included offense of robbery. The charging document in this case did not allege any of the eight facts or set of facts set forth in section 812.014(2)(b), Florida Statutes, the allegation of one of which is absolutely essential to allege a violation of section 812.014(2)(b), Florida Statutes.
I dissent because I continue to believe (1) that grand theft is not a necessarily lesser included offense of robbery (see the dissent in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), rev. granted, No. 64,775 (State v. Rodriquez)-, (2) that it is a violation of constitutional due process to convict a defendant of a crime not charged; and (3) that such a violation constitutes a fundamental error not subject to implied waiver as a result of the failure of defense counsel to effectively assert the constitutional right or object to its violation before the trial court. See the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), and in W.J. W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984). As to the problem with the schedule of permissible lesser included offenses, see note 39 to the dissent in Baker v. State, 425 So.2d 36, at 57 (Fla. 5th DCA 1982), and note 3 to Harrielson v. State, 441 So.2d 691 (Fla. 5th DCA 1983), and the dissenting opinion to State v. Baker, Baker v. State, 456 So.2d 419 (Fla.1984).

. See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 599 (Fla.1981); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981).