COWART, Judge,
dissenting:
Charged with armed robbery (§ 812.-13(2)(a), Fla.Stat.) in an information that did not allege that the property taken was valued at $100 or more or otherwise met the criteria for grand theft under section 812.014(2)(b), Florida Statutes, nevertheless, the defendant was convicted of grand theft.
Grand theft is not a lesser included offense of robbery,[1] and the defendant was, therefore, convicted of an offense for which he was not charged and not tried and concerning which the trial court’s jurisdiction had not been invoked.
The majority’s affirmance is in accordance with Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983), W.J.W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984), and Shephard v. State, 455 So.2d 479 (Fla. 5th DCA 1984). For the reasons explained in the dissents in Torrence and W.J.W. I continue to believe that the conviction of a crime not charged exceeds the invoked jurisdiction of the trial court and violates due process and other constitutional provisions and constitutes fundamental error. This court has now recognized that a violation of constitutional double jeopardy rights constitutes a fundamental error not subject to waivers implied from the inaction of ineffective counsel or otherwise. Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984).
The violation of due process rights is no less fundamental and it is time for this court to so hold.

. See Rodriguez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), review granted, No. 64,775 (State v. Rodriquez), for a discussion of the relationship between the offense of robbery and the offense of grand theft. See also Stoker v. State, 449 So.2d 408 (Fla. 2d DCA 1984), which in finding no double jeopardy violation of both robbery and grand theft impliedly finds that grand theft is not a lesser included offense of robbery.