497 So.2d 640 (1986)
Erineo ACENSIO, Petitioner,
v.
STATE of Florida, Respondent.
No. 67888.
Supreme Court of Florida.
October 30, 1986.
Rehearing Denied December 12, 1986.
*641 James Marion Moorman, Public Defender, Tenth Judicial Circuit, and Paul C. Helm, Asst. Public Defender, Chief, Appellate Division, Bartow, for petitioner.
Jim Smith, Atty. Gen., and Frank Migliore, Jr. and Kim W. Munch, Asst. Attys. Gen., Tampa, for respondent.
PER CURIAM.
This cause is before us to review a decision of the district court affirming petitioner's conviction for aggravated battery. Acensio v. State, 477 So.2d 38 (Fla. 2d DCA 1985). The court expressly relied on State v. Abreau, 363 So.2d 1063 (Fla. 1978), a decision involving a factual situation materially at variance with the facts of the instant case. Based on the conflict created by this misapplication of law, we have jurisdiction under article V, section 3(b)(3), Florida Constitution. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980).
The state charged petitioner with attempted first-degree murder in the shooting of Alec Carmichael in violation of sections 777.04, 782.04, and 775.087, Florida Statutes (1983). Section 777.04 sets forth the criminal offense of attempt. Section 782.04 sets forth the criminal offense of murder. Section 775.087 is an enhancement statute reclassifying the degree of a charged felony during which the defendant used a weapon or firearm. Petitioner was convicted of aggravated battery with the use of a firearm, a second-degree felony. Petitioner appealed his conviction on the grounds that the trial court erred in failing to give the jury a requested instruction on battery and in denying his motion to suppress his confession.
The district court assumed, for the purpose of its opinion, that battery is a lesser included offense of attempted first-degree murder, thus entitling petitioner to an instruction on battery. However, applying the Abreau harmless error test, the court affirmed the conviction finding harmless error in the trial court's failure to give the instruction.
This finding was based on the faulty premise that because the jury was instructed on attempted manslaughter, they had an opportunity to convict the defendant of attempted manslaughter. Such was not the *642 case because the verdict forms submitted to the jury did not correspond to the jury instructions.[*] The forms included only first-degree murder with the use of a firearm, second-degree murder with the use of a firearm, attempted manslaughter with the use of a firearm, and aggravated battery. Based on these facts, the Abreau harmless error test does not apply.
Abreau stands for the rule that a refusal to instruct on a lesser included offense two steps removed from the offense for which defendant is convicted is harmless error. As we illustrated in Abreau,
if a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed) and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless.
363 So.2d at 1064.
Believing that the verdict forms conformed to the jury instructions given, the district court found that the instruction on attempted manslaughter (a third-degree felony) provided the required intervening step between the second-degree felony of aggravated battery for which defendant was convicted and the first-degree misdemeanor of battery for which an instruction was denied. The jury's opportunity to convict defendant was limited, however, to those offenses for which forms were provided. Since the jury found the defendant guilty of the least serious offense available to them, the Abreau harmless error test does not apply to these facts.
Having resolved the conflict created by the misapplication of Abreau to these facts, we proceed with a discussion of the merits. The district court erred in assuming that defendant was entitled to an instruction on battery as a lesser included offense of attempted first-degree murder. We recently visited this point of law in State v. Boivin, 487 So.2d 1037 (Fla. 1986), wherein we held that aggravated battery was not a necessarily lesser included offense of attempted first-degree murder. For the reasons stated therein, neither is battery a necessarily lesser included offense of attempted first-degree murder. However, having received the instruction on aggravated battery, defendant was entitled to an instruction on battery as a necessarily lesser included offense of aggravated battery. The trial court erred in denying defendant this instruction.
Petitioner's second point asserts that his confession was involuntarily given and that the trial court erroneously denied his motion to suppress. After conducting a full hearing on the motion, the court found that the confession was freely and voluntarily given. A trial court's findings in such matters are clothed with a presumption of correctness. DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); Gilvin v. State, 418 So.2d 996 (Fla. 1982). We find nothing in the record to overcome this presumption.
For the reasons stated herein, we quash the district court's decision and remand for a new trial.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
McDONALD, C.J., concurs in result only.
NOTES
[*] Petitioner brought this fact to our attention for the first time at oral argument before this court and the parties were allowed additional time to brief the issue. The state concedes in its supplemental brief that we should proceed with our review based on the correct premise that the jury had no opportunity to convict the defendant of attempted manslaughter.