DANIEL S. PEARSON, Judge.
This case presents the question whether the confession of a defendant in custody[1] must be suppressed where the Miranda warnings given to the defendant preceding his questioning omitted any mention of the defendant’s right to appointed counsel if he could not afford an attorney.
Although courts of this state once believed that such an omission was fatal to the admissibility of a confession, see, e.g., James v. State, 223 So.2d 52 (Fla. 4th DCA 1969); Abram v. State, 216 So.2d 498 (Fla. 1st DCA 1968); Woods v. State, 211 So.2d 248 (Fla. 3d DCA 1968), and courts elsewhere still do, see United States v. Espinosa-Orlando, 704 F.2d 507 (11th Cir.1983); United States v. Stewart, 576 F.2d 50 (5th Cir.1978), our Supreme Court in Alvord v. State, 322 So.2d 533 (Fla.1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976), expressly held that the failure to notify a person in custody of his right to an appointed counsel does not render a subsequent confession inadmissible.
*647 With exemplary candor, the defendant confronts Alvord head on. The Alvord decision, he says, is, and has now been shown definitively to be, a misinterpretation of the United States Supreme Court’s decision in Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). The argument goes that in Tucker the court merely held that testimony from a witness whose identity is learned from the defendant’s confession elicited without benefit of advice concerning appointed counsel is admissible; it did not hold — indeed, expressly disavowed — that the defendant’s confession was likewise admissible:
“More important, the respondent did not accuse himself. The evidence which the prosecution successfully sought to introduce was not a confession of guilt by respondent, or indeed even an exculpatory statement by respondent, but rather the testimony of a third party who was subjected to no custodial pressures.”
Id. at 449, 94 S.Ct. at 2366, 41 L.Ed.2d at 196 (emphasis in original).
Understandably, it was thereafter observed that the dilution of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), effected by Tucker was limited to the precise holding of Tucker. United States v. Stewart, 576 F.2d at 53. And, the defendant argues, not only is the Tucker holding inapplicable to a defendant’s confession, but it is, as well, inapplicable where the statement of a defendant was, unlike Tucker’s, the product of an interrogation which took place after Miranda v. Arizona was decided. This latter point, says the defendant, is, ironically, made clear by the later efforts of Mr. Alvord to undo the Florida Supreme Court’s decision in his case. See Alvord v. Wainwright, 731 F.2d 1486, 1487 n. 22a (11th Cir.1984) (Michigan v. Tucker not binding where Alvord’s alleged Miranda violation occurred after Miranda decision)[2]; see also United States v. Downing, 665 F.2d 404 (1st Cir.1981) (Tucker not controlling in post-M-randa interrogations).
The defendant argues finally that even if the limits of Tucker were not readily discernible from the decision itself, any doubt about its limits was set to rest in Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). There the Court, discussing the judicially imposed consequences of the Miranda violation which occurred in Tucker (and which occurred in Alvord and the present case), said that “[t]he unwarned confession must, of course, be suppressed, but the Court ruled that introduction of the third-party witness’s testimony did not violate Tucker’s Fifth Amendment rights.” Id. at 308, 105 S.Ct. at 1293, 84 L.Ed.2d at 232 (emphasis supplied).
Despite the defendant’s thoughtful and well-presented arguments, we are obliged to follow Alvord and affirm. See State v. Dwyer, 332 So.2d 333 (Fla.1976); Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We decline the defendant’s invitation to invoke a suggested exception to this rule of stare decisis, see Van Horn v. State, 485 So.2d 1380, 1381 (1986) (Schwartz, C.J., dissenting), since the United States Supreme Court has not, as yet, definitively held that the failure to notify a defendant of his right to appointed counsel renders his subsequent confession inadmissible.
Affirmed.

. The trial court’s finding that the defendant was in custody is supported by substantial competent evidence,

. The subsequent history of the Alvord case is noteworthy. Initially, the Eleventh Circuit affirmed the United States District Court’s denial of habeas corpus relief, agreeing with the Florida Supreme Court’s interpretation of Tucker and finding Tucker and Alvord to be indistinguishable. Alvord v. Wainwright, 725 F.2d 1282 (11th Cir.1984). On rehearing, the panel expressly retracted its ratification of the Florida Supreme Court’s reasoning and substituted a new opinion in which it found that because there was no evidence that the defendant had not received the full panoply of Miranda warnings, it was unnecessary to address Tucker's applicability to Alvord. See Alvord v. Wainwright, 731 F.2d 1486.