SHIVERS, Judge.
The appellants in this consolidated appeal, Ralph Broxson and Coy Mixon, were originally charged by information with sexual battery with the threat or use of a deadly weapon. Section 794.011(3), Florida Statutes (1985). At trial, the jury was given instructions on sexual battery with a deadly weapon and sexual battery with the threat or use of great force (life felonies), attempted sexual battery with a deadly weapon, attempted sexual battery with great force, and sexual battery with slight force (second-degree felonies), and attempted sexual battery with slight force and aggravated assault with a deadly weapon (third-degree felonies). Defense counsel’s request for a jury instruction on simple battery (a first-degree misdemeanor) was denied. Appellants were both found guilty of attempted sexual battery with the use of slight force and were sentenced within the recommended sentencing guidelines range. Appellants now argue, and we agree, that the trial court’s failure to instruct the jury on simple battery constituted reversible error.
Simple battery is a category one, or necessarily lesser included offense of sexual battery. Fla.Std. Jury Instr. (Crim.) The court was thus required to instruct the jury on simple battery, regardless of whether there existed any evidence supporting the offense. State v. Wimberly, 498 So.2d 929 (Fla.1986). Moreover, the failure to instruct cannot be found harmless in this case under the test enunciated by the supreme court in State v. Abreau, 363 So.2d 1063 (Fla.1978). The jury here was given instructions on two life felonies, three second-degree felonies, and two third-degree felonies, but was not instructed on simple battery, a first-degree misdemeanor. Since the jury found appellants guilty of the least severe offense available to them — one of the two third-degree felonies — it is impossible to determine whether appellants would have been found guilty of an even lesser category of offense, had the jury been given the opportunity to do so. See also Aeensio v. State, 497 So.2d 640 (Fla.1986). Therefore, the court’s failure to instruct the jury on simple battery constitutes reversible error, and this matter is hereby remanded for new trial.
NIMMONS and BARFIELD, JJ., concur.