524 So.2d 422 (1988)
Rigoberto CASO, Petitioner,
v.
STATE of Florida, Respondent.
No. 70145.
Supreme Court of Florida.
April 7, 1988.
Rehearing Denied June 1, 1988.
Bennett H. Brummer, Public Defender, and Lisa Berlow-Lehner, Sp. Asst. Public Defender, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand and Julie S. Thornton, Asst. Attys. Gen., Miami, for respondent.
EHRLICH, Justice.
We have for review Caso v. State, 501 So.2d 646 (Fla. 3d DCA 1986), in which the district court certified a question as one of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
On May 12, 1983, Norma Montecdino and Luis Murgado were murdered at a residence in Hialeah, Florida. On or about July 7, 1983, the Hialeah Police Department received information from at least one confidential informant that Caso, as the "wheelman," had participated in the crime with two other individuals. Based upon this information, two detectives went to Caso's place of employment in October of 1983, displayed identification and asked if Caso would voluntarily go to the police station and talk to them. Caso asked his employer if this would be okay and then agreed to go. Caso asked the detectives how he would return to work and one of the detectives informed Caso that he would take him back.
After arriving at the police station, Caso was taken to an interrogation room where officers confronted him with the information they had gathered that implicated him in the crime. Caso was then presented with an advice of rights form which did not *423 advise him of the right to appointed counsel at the state's expense if he could not afford an attorney. The officers testified that Caso eventually verified the information that the detectives already had and was then returned to his place of employment. The interrogating detectives then proceeded to the State Attorney's office, where they related the information that they had obtained from Caso to the Assistant State Attorney in charge of the investigation. A warrant was then issued for Caso's arrest.
Caso's defense counsel objected at trial to the testimony of the detectives that revealed the confession. The objection was based upon the inadequacy of the advice of rights form, which failed to state that an attorney would be appointed if the defendant could not afford one. The prosecuting attorney responded that Caso was not in custody and Miranda warnings were therefore not required. The trial court stated: "That's not so. Any time you are going to formally interrogate somebody that's a suspect ... I think you have to be in custody." Although finding that Caso was in custody at the time of the interrogation and the advice of rights form could have been better, the trial court concluded that the confession was voluntary and made with full knowledge of his rights. The jury found Caso guilty of two counts of second-degree murder and one count of burglary of a structure. Caso was sentenced to two concurrent terms of life imprisonment.
On appeal, the district court noted that the trial court's finding that Caso was in custody was supported by substantial competent evidence. 501 So.2d at 646 n. 1. In regard to the adequacy of the Miranda warnings given to Caso prior to his questioning, the district court stated that despite Caso's "thoughtful and well-presented arguments," it was bound by stare decisis to follow Alvord v. State, 322 So.2d 533 (Fla. 1975), cert. denied, 428 U.S. 923, 96 S.Ct. 3234, 49 L.Ed.2d 1226 (1976). In Alvord, this Court held that the failure of a police officer to include in a Miranda warning the advice that an attorney would be appointed to represent the defendant if he were indigent did not require exclusion of the defendant's statements to the police officer. The district court accordingly affirmed Caso's convictions and sentences, but certified the following question as having a great effect on the proper administration of justice:
Whether the decision in Alvord v. State, 322 So.2d 533 (Fla. 1975), holding admissible in the State's case-in-chief the defendant's confession obtained in a post-Miranda custodial interrogation and in the absence of advice regarding the defendant's right to appointed counsel if he could not afford an attorney, should be reexamined in light of Oregon v. Elstad, 470 U.S. 298 [105 S.Ct. 1285, 84 L.Ed.2d 222] (1985).
We answer the certified question in the affirmative.
We first address the issue of whether Caso was in custody at the time of questioning by the detectives. In Miranda, the United States Supreme Court established a procedural safeguard to protect an individual's fifth amendment privilege against compelled self-incrimination from the coercive pressures of custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The procedural safeguard does not, however, apply "outside the context of the inherently coercive custodial interrogations for which it was designed." Roberts v. United States, 445 U.S. 552, 560, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980). The police are required to give Miranda warnings only when the person is in custody. California v. Beheler, 463 U.S. 1121, 1124, 103 S.Ct. 3517, 3519, 77 L.Ed.2d 1275 (1983). In determining whether a suspect is in custody, "the ultimate inquiry is simply whether there is a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." Id. at 1125, 103 S.Ct. at 3520 (quoting Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)). As this Court and the United States Supreme Court have previously recognized, "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." Roman v. State, 475 So.2d 1228, 1231 (Fla. *424 1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986) (quoting Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984)).
The statements by the trial judge regarding custody in the present case indicate that the judge felt Caso was in custody because he was a suspect and was being questioned by the police. Therefore, we agree with the state that the trial court's finding of custody was not based upon proper analysis. We decline, however, to accept the state's argument that because the trial court failed to apply the correct standard in determining the issue of custody the trial court's decision cannot be sustained. A conclusion or decision of a trial court will generally be affirmed, even when based on erroneous reasoning, if the evidence or an alternative theory supports it. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962). A trial court's findings regarding whether a suspect was in custody are clothed with a presumption of correctness and will not be overturned if there is competent, substantial evidence which would support the decision under the correct analysis. Cf. Acensio v. State, 497 So.2d 640 (Fla. 1986) (a trial court's findings in regard to whether a confession was freely and voluntarily given are clothed with a presumption of correctness).
The state relies upon the decisions of the United States Supreme Court in Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275, and Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714, in which the Court held that the defendants were not in custody, in support of its argument that the trial court's determination was erroneous. The district court below correctly noted, however, that there was competent, substantial evidence upon which the trial court could have based a finding that Caso was in custody at the time he was questioned by police. As in Drake v. State, 441 So.2d 1079 (Fla. 1983), cert. denied, 466 U.S. 978, 104 S.Ct. 2361, 80 L.Ed.2d 832 (1984), in which this Court determined the defendant was in custody at the time of making a statement to the police, Caso was asked to leave his place of employment in the middle of the day. Contrary to the defendants in Beheler and Mathiason, Caso did not initiate the contact with police. Moreover, Caso was interrogated at the police station and was not specifically informed that he was not under arrest, despite being confronted with evidence which implicated him in the crime, factors which, although not dispositive, may bear on the question of whether a person was in custody for Miranda purposes. See Drake, 441 So.2d at 1081; Roman, 475 So.2d at 1231. The record contains facts which are sufficient to support a conclusion that Caso was in custody at the time of his questioning by the police. Accordingly, the district court below did not err in indulging the presumption in favor of the validity of the lower court's ruling.
As to the question certified by the district court below, Caso contends that this Court's opinion in Alvord signified a marked departure from established state and federal precedent in which it had consistently been ruled that a defendant's custodial confession, given without the full Miranda warning, was inadmissible in the state's case-in-chief. Caso argues that it is clear from the decisions in Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) and Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), that a defendant's confession is inadmissible under the circumstances present in Alvord and the case at bar.
In reaching the decision in Alvord v. State, this Court relied on Michigan v. Tucker, in which the United States Supreme Court was "asked to extend the Wong Sun fruits doctrine to suppress the testimony of a witness for the prosecution whose identity was discovered as the result of a statement taken from the accused without benefit of full Miranda warnings." Oregon v. Elstad, 470 U.S. at 308, 105 S.Ct. at 1292. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). As in Alvord and the present case, police officers in Tucker failed to advise respondent that he would be furnished *425 counsel free of charge if he could not pay for such services himself.
The Supreme Court stated that the "procedural safeguards [in Miranda] were not themselves rights protected by the Constitution but were instead measures to insure that the right against compulsory self-incrimination was protected." 417 U.S. at 444, 94 S.Ct. at 2363. The Supreme Court concluded that the facts demonstrated that the defendant had not been deprived by police of his privilege against compulsory self-incrimination, noting that "the record in this case clearly shows that respondent was informed that any evidence taken could be used against him. The record is also clear that respondent was asked whether he wanted an attorney and that he replied that he did not." Id. at 444-45, 94 S.Ct. at 2363-2364 (footnotes omitted). Because there was no actual infringement on the respondent's constitutional rights, the Court determined that admissibility of the witness's testimony was not controlled by the doctrine expressed in Wong Sun. Id. at 445-46, 94 S.Ct. at 2364-65.
Because there was no controlling precedent regarding the issue of admissibility of the "fruits" of a confession obtained without full Miranda warnings, the Tucker Court examined the matter as a question of principle. The two principles that governed were the deterrent effect on police conduct and protection of courts from untrustworthy evidence. The Tucker Court concluded that "[w]hatever deterrent effect on future police conduct the exclusion of those statements may have had, we do not believe it would be significantly augmented by excluding the testimony of the witness Henderson as well." 417 U.S. at 448, 94 S.Ct. at 2365. Accordingly, the "fruits" of the defendant's unwarned statement did not have to be excluded.
It was from the analysis of the deterrent value in suppressing the witness's testimony that the Alvord opinion drew support. The Tucker Court's discussion of the additional deterrent of suppressing the fruit of the Miranda violation, however, provides no support for admitting the confession itself. As Justice Rehnquist noted in Tucker, it was significant that the "statements actually made by respondent to the police ... were excluded at trial in accordance with Johnson v. New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882] (1966)." 417 U.S. at 448, 94 S.Ct. at 2365. Therefore, it appears that reliance upon Tucker in Alvord may have been misplaced.
Further support for the conclusion that this Court may have misinterpreted Michigan v. Tucker in the Alvord decision is found in Oregon v. Elstad, a recent decision of the United States Supreme Court. Justice O'Connor, in an overview of the Miranda exclusionary rule, noted that the fifth amendment only prohibits the use of compelled testimony by the prosecution in its case in chief, but stated that the "[f]ailure to administer Miranda warnings creates a presumption of compulsion. Consequently, unwarned statements that are otherwise voluntary within the meaning of the fifth amendment must nevertheless be excluded from evidence under Miranda. Thus, in the individual case, Miranda's preventive medicine provides a remedy even to the defendant who has suffered no identifiable constitutional harm." 470 U.S. at 307, 105 S.Ct. at 1292. Justice O'Connor pointed out that the presumption of coercion did not bar use of the statements and their fruits for such purposes as impeachment on cross-examination. In illustration, Justice O'Connor discussed the rule of law established in Tucker, stating that the "unwarned confession must, of course, be suppressed," but "introduction of the third-party witness' testimony did not violate Tucker's Fifth Amendment rights." Id. We therefore recede from that portion of Alvord which holds that the trial court did not err in admitting the custodial statements of the defendant. We hold that the failure to advise a person in custody of the right to appointed counsel if indigent renders the custodial statements inadmissible in the prosecution's case-in-chief and Caso's statement in the present case was improperly admitted.
The erroneous admission of statements obtained in violation of Miranda rights is subject to harmless error analysis. Kight v. State, 512 So.2d 922, 926 (Fla. 1987). *426 Caso correctly contends that the admission of his confession constituted reversible error. The testimony of the police officers regarding Caso's statement was the only evidence presented at trial connecting Caso to the murders. We cannot declare a belief beyond a reasonable doubt that the impermissible admission of the contents of Caso's confession did not affect the jury verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The error was, therefore, not harmless.
Accordingly, we quash the decision below affirming Caso's conviction and remand to the district court with directions to remand the case to the trial court for a new trial.
It is so ordered.
OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., dissents.