560 So.2d 1266 (1990)
George Charles GRESH, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2090.
District Court of Appeal of Florida, First District.
April 16, 1990.
Rehearing Denied May 31, 1990.
*1267 Henry R. Barksdale, Milton, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant seeks reversal of his conviction of sexual activity with a child by a person in familial or custodial authority, contrary to section 794.041, Florida Statutes (1987), raising two issues, only one of which merits discussion. He contends that the trial court should have suppressed statements given by him to Sally Putters, project coordinator of the Child Protection Team, Linda Edwards, an intake counselor for the Department of Health and Rehabilitative Services, and David Jester, an Escambia County Sheriff's Deputy, because the statements were given without appellant having been advised of rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm.
Sally Putters and Linda Edwards visited appellant at the car agency where he worked, and interviewed him concerning allegations that he was sexually abusing his stepdaughters, R.P. and B.P. Neither of them was a law enforcement officer, nor do they have arrest powers. They do not wear uniforms or carry guns. According to Ms. Putters, appellant agreed to talk to them after they informed him of why they were there, and they conducted the interview in the parking lot. They did not give appellant Miranda warnings. Appellant admitted having sexual intercourse with his stepdaughter, R.P., for a period of about three years. This information was relayed to Deputy Jester, who was responsible for investigating sex crimes in Escambia County.
When he learned of the possibility of sexual misconduct by appellant involving his stepdaughters, Deputy Jester called appellant at his place of employment. His phone conversation with appellant was taped. Jester began by explaining the purpose of the phone call and requesting that appellant come to his office for an interview concerning the allegations. Deputy Jester did not give appellant Miranda warnings. Jester proceeded to question appellant concerning the allegations of sexual misconduct, and whether they were true. Appellant admitted having sexual intercourse with R.P. Jester made no threats or promises to appellant during this conversation. Appellant was free, obviously, to end the conversation at any time.
Appellant was subsequently charged and convicted of having sexual intercourse with his stepdaughter, R.P., on or about June 17, 1987. His pretrial motion to suppress the statements he gave to Ms. Putters and Mr. Edwards, and Deputy Jester, was denied by the trial court on the grounds that appellant's statements were not given in a custodial setting "so that his decision to make a voluntary statement would be overborne by the circumstances of the environment in which the interview was conducted." At his trial, Ms. Putters and Deputy Jester testified against appellant and told the jury of the statements appellant made to them. The tape-recorded conversation of Deputy Jester with appellant was introduced into evidence and the jury listened to the tape while they read a verified transcript of the conversation.
*1268 The test for determining whether a defendant is in custody for Miranda purposes is succinctly set out in Caso v. State, 524 So.2d 422, 423 (Fla. 1988), as follows:
In Miranda, the United States Supreme Court established a procedural safeguard to protect an individual's fifth amendment privilege against compelled self-incrimination from the coercive pressures of custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The procedural safeguard does not, however, apply "outside the context of the inherently coercive custodial interrogations for which it was designed." Roberts v. United States, 445 U.S. 552, 560, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980). The police are required to give Miranda warnings only when the person is in custody. California v. Beheler, 463 U.S. 1121, 1124, 103 S.Ct. 3517, 3519, 77 L.Ed.2d 1275 (1983). In determining whether a suspect is in custody, "the ultimate inquiry is simply whether there is a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." Id. at 1125, 103 S.Ct. at 3520 (quoting Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977)).
As the Florida Supreme Court and the United States Supreme Court have recognized:
A policeman's unarticulated plan has no bearing on the question of whether a suspect was "in custody" at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation.
Roman v. State, 475 So.2d 1228, 1231 (Fla. 1985), cert. den., 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986), quoting Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317 (1984).
With respect to the interview conducted by Ms. Putters and Ms. Edwards, the record indicates that an investigation was instigated because of allegations of child abuse as required under section 415.505(1), Florida Statutes (1987). Under section 415.505(1)(a)-(e), the primary purpose of such an investigation is to protect the child rather than to gain probable cause to arrest. Neither of the workers possessed arrest powers. They interviewed appellant at his place of work in the parking lot and it is clear that appellant was free to refuse to participate in the interview. The interview did not take place in an inherently coercive custodial setting nor was there intimidation or coercion of appellant. Accordingly, we agree with the trial court that appellant has failed to demonstrate a basis for a reasonable belief that he was being subjected to a custodial interrogation from which he was not free to leave. See generally Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984).
With respect to appellant's telephonic statements to Officer Jester, Officer Jester called appellant to set up an interview. He testified that appellant was not under arrest at the time the phone call was placed and the record substantiates his testimony that appellant was not threatened or coerced in any way to answer his questions. Appellant was free to stop the telephone conversation at any time. Under the circumstances, we agree with the trial court that appellant was not questioned in a custodial setting where it could be said that the coercive atmosphere overcame his free will and rendered his confession or statement involuntary. See Minnesota v. Murphy, 104 S.Ct. at 1144.
Appellant's reliance on this court's decisions in Jenkins v. State, 533 So.2d 297 (Fla. 1st DCA 1988), and Mosely v. State, 503 So.2d 1356 (Fla. 1st DCA 1987), is misplaced. In Mosely, both coercion and intimidation were present, making the defendant's statements involuntary. In Jenkins, deception was present  and there is no evidence of deception in this case.
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.