PER CURIAM.
We have for review Ammons’ judgment of conviction and sentence for aggravated battery with a firearm. His sole point on appeal questions whether the trial court erred in not instructing the jury on the offense of improper exhibition of a firearm as a permissive lesser included offense of attempted first degree murder. We reverse.
The state charged Ammons with attempted premeditated murder in the shooting of Alphonso Williams. The court instructed the jury on attempted first degree murder with a firearm, attempted second degree murder with a firearm, attempted manslaughter with a firearm, and aggravated battery with a firearm, but refused Ammons’ requested instruction on discharging a firearm in public, contrary to section 790.15, Florida Statutes.[1] The jury found Ammons guilty of aggravated battery with a firearm.
On appeal, Ammons argues that the offense of discharging a firearm in public is a permissive lesser included offense of the crime charged, since it was supported by the pleadings and the evidence presented, and therefore should have been given, citing to Amado v. State, 585 So.2d 282 (Fla.1991). Ammons goes on to argue that the court’s error cannot be considered harmless, as discharge of a firearm in public is only one step removed from the offense of which appellant was found guilty, relying on State v. Abreau, 363 So.2d 1063 (Fla.1978).
The state counters with the argument that since attempted manslaughter is a third degree felony, it acts as an intervening “step” in the Abreau analysis between the second degree felony of aggravated battery and the first degree misdemeanor of discharge of a firearm in public. Thus, the state reasons that the misdemeanor is therefore two steps, and not one step, removed from the offense *809 of which appellant was convicted, and therefore, under Abreau, the court’s failure in giving the instruction as requested would be considered harmless error.
In response, Ammons points to the fact that since a firearm was involved, the offense of attempted manslaughter was reclassified to a second degree felony, Williams v. State, 596 So.2d 679 (Fla. 2d DCA 1991), and therefore no longer acted as an intervening lesser offense between aggravated battery and the requested instruction. We find merit in Am-mons’ contention.
First, there is no question but that discharge of a firearm in public, while not a necessarily included offense of aggravated battery, is a permissible lesser included offense of that crime. W.J.W. v. State, 446 So.2d 248 (Fla. 5th DCA 1984). The evidence presented in this case clearly supported Ammons’ requested instruction under the dictates of Amado, and thus the trial court should have given the instruction.
Having concluded that the court erred in denying the requested instruction, we next consider whether the court’s error was harmless. In answering this question, we take note of the supreme court’s concern as emphasized in Abreau that the jury be given “a fair opportunity to exercise its inherent ‘pardon’ power by returning a verdict of guilty as to the next lower crime.” 363 So.2d at 1064. As it was explained in Abreau:
For example, if a defendant is charged with offense “A” of which “B” is the next immediate lesser-included offense (one step removed) and “C” is the next below “B” (two steps removed), then when the jury is instructed on “B” yet still convicts the accused of “A” it is logical to assume that the panel would not have found him guilty only of “C” (that is, would have passed over “B”), so that the failure to instruct on “C” is harmless. If, however, the jury only receives instructions on “A” and “C” and returns a conviction on “A”, the error cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have “pardoned” the defendant to the extent of convicting him on B” (although it may have been unwilling to make the two-step leap downward to “C”).
Id. In applying this analysis to the instant facts, we turn for guidance to the supreme court’s decision in Acensio v. State, 497 So.2d 640 (Fla.1986), involving circumstances remarkably similar to those in the instant case.
In Acensio, the defendant was charged with attempted first degree murder with the use of a weapon or firearm, but was convicted of aggravated battery with the use of a firearm. The defendant appealed his conviction on the grounds that the court erred in failing to give the jury a requested instruction on battery. The district court assumed for the purpose of its opinion that battery was a lesser included offense of attempted first degree murder, thus entitling the defendant to an instruction on battery; however, applying the Abreau harmless error test, the court affirmed, finding harmless error in the court’s failure to give the instruction.
In reviewing that decision, the supreme court held that the district court’s finding was based on the faulty premise that the jury had had an opportunity to convict the defendant of attempted manslaughter. Such was not the case, however, as the supreme court observed the verdict form submitted to the jury included only first degree murder with the use of a firearm, second degree murder with the use of a firearm, attempted manslaughter with the use of a firearm, and aggravated battery. Based on those facts, the supreme court held that the Abreau harmless error test would not apply. In so holding, the court observed the following:
Abreau stands for the rule that a refusal to instruct on a lesser included offense two steps removed from the offense for which the defendant is convicted is harmless error. ...
Believing that the verdict forms conformed to the jury instructions given, the district court found that the instruction on attempted manslaughter (a third-degree felony) provided the required intervening step between the second-degree felony of aggravated battery for which defendant was convicted and the first-degree misdemeanor of battery for which an instruction *810 was denied. The jury’s opportunity, to convict defendant was limited, however, to those offenses for which forms were provided. Since the jury found the defendant guilty of the least serious offense available to them, the Abreau harmless error test does not apply to these facts.
Id. at 642. Although it is not explicitly stated, it is implicit in Acensio that the reason attempted manslaughter did not provide the required intervening step between the second degree felony of aggravated battery and the first degree misdemeanor of battery was because it had been reclassified under section 775.087, Florida Statutes, to a second degree felony due to the use of a firearm, a fact the supreme court recognized in general terms early on in its decision.
In the instant case, the jury’s opportunity to convict Ammons was similarly limited and it clearly found him guilty of the least serious offense available. Since attempted manslaughter was reclassified to a second degree felony by virtue of the firearm, there was no intervening step between aggravated battery with a firearm, a second degree felony and reckless discharge of a firearm in public.[2] Consequently, as in Acensio, the Abreau harmless error test does not apply to these facts because we cannot determine whether the jury would have convicted Ammons of aggravated battery, had it been afforded the opportunity to “pardon” him to the extent of convicting him of unlawfully discharging a firearm in public.
For the reasons stated herein, we reverse and remand for a new trial.
ERVIN and WOLF, JJ., and CAWTHON, Senior Judge, concur.

. Although appellate counsel goes to great lengths to convince this court that both defense counsel and the court were of the understanding that the requested instruction was based on section 790.10, Florida Statutes, "Improper exhibition of dangerous weapons or firearms," it is abundantly clear from the record that defense counsel, however inartfully, was in fact requesting an instruction based on section 790.15.

. Since use of a weapon or firearm is an essential element of aggravated battery involving a firearm, such is already an enhanced penalty offense and section 775.087 cannot be applied to enhance the sentence. Webb v. State, 410 So.2d 944 (Fla. 1st DCA), rev. denied, 421 So.2d 68 (Fla.1982).