GREEN, Judge.
By way of certiorari, the State petitions for review of an order granting a motion to suppress. We grant the relief requested and quash the order under review.
In this action, the State filed a petition of delinquency charging D.M., a minor, with grand theft of merchandise from “Pic ’N Pay, d/b/a Shoe World.” D.M. filed a motion to suppress seeking to suppress his statements made to a detective Albert Pack. D.M. claimed that his statements to detective Pack were subject to suppression because they had been given without the benefit of “Miranda warnings” in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The undisputed facts adduced at the suppression hearing were that detective Pack received information that D.M. had been involved in the theft of merchandise at the “Pic ’N Pay” and that D.M. had made a written confession of his involvement to the store’s security personnel. After receiving a copy of D.M.’s written confession from the store, the detective telephoned D.M. at home. Detective Peck identified himself as a police officer to D.M. and informed D.M. that he was investigating the theft at the store. The detective asked D.M. to verify the contents of D.M.’s confession given to the store. At no time during this telephone conversation did detective Pack advise D.M. of “Miranda warnings.” The detective acknowledged that *257 D.M. was the sole suspect and focus of the investigation. The detective further testified that he believed that probable cause existed for the arrest of D.M. prior to the telephone call but would have investigated further if D.M. had disavowed the prior confession given to the store.
The State contends that the trial court departed from the essential requirements of the law by suppressing D.M.’s telephone statements to the detective because D.M. was not in custody so as to trigger the requirement of “Miranda warnings.” We agree. Under Miranda, the prosecution may not use statements, whether exculpatory or inculpatory, which were obtained as a result of the custodial interrogation of the defendant unless they have shown that certain procedural safeguards were employed to protect the defendant’s fifth amendment right against self-incrimination. Id. “Because custodial police interrogations are deemed inherently coercive, law enforcement authorities must advise persons of their constitutional rights prior to subjecting them to custodial interrogations.” Riechmann v. State, 581 So.2d 133, 137 (Fla.1991), cert. denied, — U.S. —, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992). These procedural safeguards, however, do not apply outside of the custodial setting. Id.; Caso v. State, 524 So.2d 422, 423 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988) (citing Roberts v. United States, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) and California v. Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983)).
In determining whether a suspect is in custody for purposes of “Miranda warnings,” both the United States Supreme Court and the Florida Supreme Court have declared that the only “relevant inquiry is how a reasonable man in the suspect’s position would have understood his situation.” Caso, 524 So.2d at 423 (quoting Berkemer v. McCarty, 468 U.S. 420, 442, 104 S.Ct. 3138, 3151, 82 L.Ed.2d 317, 336 (1984)); Riechmann, 581 So.2d at 137. An officer’s unar-ticulated plan has no bearing on the question of whether a suspect was in custody at a particular time. Roman v. State, 475 So.2d 1228, 1231 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986) (quoting Berkemer, 468 U.S. at 442, 104 S.Ct. at 3151-52).
In the instant case, we conclude that a reasonable person speaking to a police officer over the telephone in the safety and privacy of the person’s home does not constitute a coercive custodial setting. Gresh v. State, 560 So.2d 1266 (Fla. 1st DCA 1990). Clearly, D.M. was free to end his telephone conversation with the detective at any time and there were absolutely no restraints on D.M.’s liberty. The fact that D.M. was otherwise the sole focus of the investigation or that the detective had probable cause to arrest D.M. prior to the conversation as argued by D.M. below is simply of no moment for purposes of “Miranda warnings.” Roman, 475 So.2d at 1231. It was therefore error to suppress D.M.’s telephonic statements made to the detective.
The petition for certiorari is granted and the order below is quashed.