PARKER, Judge,
dissenting.
I respectfully dissent. I conclude that the statements of William Richard Bretch, which were denials of committing a crime, should not have been suppressed.
During ongoing divorce proceedings, the court entered several injunctions for protection against Bretch. The investigating deputy saw threatening letters mailed from Bretch to his wife and had been advised of Bretch’s threatening telephone calls. Armed with this information, the deputy arranged for two detectives[1] to meet him at Bretch’s residence to talk to Bretch in order to “find out ... his side of the story and make sure ... that we have enough to arrest him for the aggravated stalking.” The deputy admitted that he believed that he had probable cause to arrest Bretch before any conversation took place.
The officers arrived at Bretch’s residence, identified themselves, and asked Bretch to come outside to speak to them. Bretch refused, and the officers never pressed him to come outside. Instead, the deputy spoke to Bretch from the front yard, five to ten feet away, while Bretch stood in the doorway of his residence. No other show of authority by words or actions occurred. Bretch’s statements consisted of denials of his involvement in the crime. The conversation lasted ap *445 proximately two minutes. Thereafter, Bretch was arrested.
The trial court, in suppressing the statements, stated:
I conclude that the police had probable cause to believe that the defendant committed the crime of aggravated stalking when they approached him at his residence. It was their intention to arrest him before they spoke with him and he was not free to leave. Under those circumstances, they had an obligation to inform him of his right to remain silent. Failure to so do renders his statements to them inadmissible.
I conclude that the officers were not required to give Bretch Miranda warnings. In State v. Alioto, 588 So.2d 17 (Fla. 5th DCA 1991), the Fifth District explained when it was necessary for a law enforcement officer to advise a person of his or her Miranda rights. The court stated:
Under the current standard, Miranda warnings must only be given when a reasonable person in the suspect’s place would believe he or she were not free to leave. United States v. Long, 866 F.2d 402 (11th Cir.1989); Caso v. State, 524 So.2d 422 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). See also United States v. Bengivenga, 845 F.2d 593 (5th Cir.), cert. denied, 488 U.S. 924, 109 S.Ct. 306, 102 L.Ed.2d 325 (1988).
In Caso, the Florida Supreme Court reiterated the position of the United States Supreme Court that Miranda warnings are only required when a person is in custody, engaged in an “inherently coercive custodial interrogation....” 524 So.2d at 423. The Caso court explained that to be “in custody” meant that a suspect either had to be under “formal arrest”, or had to have their freedom of movement restrained to the extent “associated with a formal arrest.” Id. The focus is the state of mind of a reasonable person in the suspect’s place. Id. at 423-424, (citing Roman v. State, 475 So.2d 1228, 1231 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986)). See also Riechmann v. State, 581 So.2d 133, 137-138 (Fla.1991); Gresh v. State, 560 So.2d 1266 (Fla. 1st DCA 1990). A “reasonable person” has been defined as one who is “neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances.” 845 F.2d at 596. The test does not involve consideration of whether a defendant was the focus of an investigation.
Alioto, 588 So.2d at 18 (footnotes omitted).
The facts that there was probable cause to arrest Bretch and that Bretch was arrested after the conversation still did not necessitate that Bretch be given Miranda warnings. The Supreme Court stated:
Such a noncustodial situation is not converted to one in which Miranda applies simply because a reviewing court concludes that, even in the absence of any formal arrest or restraint on freedom of movement, the questioning took place in a “coercive environment.” Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person’s freedom as to render him “in custody.” It was that sort of coercive environment to which Miranda by its terms was made applicable, and to which it is limited.
Oregon v. Mathiason, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714, 719 (1977).
The Florida Supreme. Court has followed the Mathiason rationale in Roman v. State, 475 So.2d 1228 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). The court stated: “Appellant’s situation was that he was being questioned in an investigation room at the sheriffs department, having voluntarily complied with a deputy’s request to go there. That an interrogation takes place at a station house does not by itself transform an otherwise noncustodial interrogation into a custodial one.” Roman, 475 So.2d at 1231. Thereafter, the court stated:
*446 But we do not find that arresting a suspect following a confession converts what theretofore had been a noncustodial situation into a custodial one. In determining that a suspect was not in custody, it does not have to be found that the environment in which he was questioned was devoid of coercion. Indeed, common sense tells us that questioning of a suspect by police at the station house is inherently coercive .... We fail to find that a reasonable person in appellant’s position prior to giving his statement, having voluntarily accompanied the officers to the station house, would have perceived a restraint on his freedom of movement of the degree associated with a formal arrest.
Roman, 475 So.2d at 1232.
The telling point to me in this case is that the deputy asked Bretch to step outside, and Bretch refused. A custodial environment does not come into play when a man refuses to step out of his own residence and the law enforcement officers stand outside in the yard, five to ten feet away, and ask questions. Law enforcement officers still have the right to approach a citizen and ask to speak to them without giving Miranda warnings. I, therefore, would reverse the order suppressing Bretch’s statements.

. Department policy required that a deputy call for a detective to accompany the deputy to investigate a felony.