SHAHOOD, Judge,
dissenting.
I would reverse the order of the trial court granting the defendant’s motion to suppress evidence based on the court’s determination that the evidence was the fruit of an impermissible investigatory stop.
*165 A trial court’s ruling on a motion to suppress is clothed with the presumption of correctness on appeal, and the evidence will be viewed and inferences made in a manner most favorable to sustaining the trial court’s ruling. See Acensio v. State, 497 So.2d 640, 642 (Fla.1986); McNamara v. State, 357 So.2d 410 (Fla.1978); Glover v. State, 677 So.2d 374 (Fla. 4th DCA 1996).
In this case however, I believe the trial court erred in determining that this consensual encounter was a Terry[1] stop, and impermissible because the state adduced no evidence that the officer had any reasonable or founded suspicion for making such a stop. Here there was no indication that the defendant should reasonably have believed he was under a restraint forbidding him to leave. See State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989); see also Graham v. State, 495 So.2d 852, 854 (Fla. 4th DCA 1986) (determining that initial encounter between defendant on bike and police officers who followed and then pulled up to make inquiries as to his identity was mere voluntary encounter and not a seizure).

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).