PER CURIAM.
Jose G. Badillo appeals his conviction for second degree murder and attempted second degree murder with a firearm. We affirm.
Defendant-appellant Badillo first argues that his brother was impermissibly éxclud-ed from attending the voir dire in this case. See generally Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999). The defendant alleged that the court reporter’s notes should have reflected an oral order clearing the courtroom, but did not do so. We granted the defendant’s motion to relinquish jurisdiction, and the trial court took evidence on the point. The trial court’s finding that no such exclusion occurred is supported by competent substantial evidence.
The defendant argues that the trial court erroneously allowed evidence of other bad acts. We disagree. We assume for present purposes that both statements were adequately objected to. Both statements were very pertinent to the questions of intent and guilty knowledge, among other things. See '§ 90.404(2)(a), Fla. Stat. (1999); Sireci v. State, 399 So.2d 964 (Fla.1981), overruled on other grounds, Pope v. State, 441 So.2d 1073 (1983). The statement to the detective directly contradicted defendant’s position at trial. The trial court’s rulings were well within its discretion.
The defendant argues that it constituted an impermissible comment on silence to allow the detective to testify that in two interviews with the defendant several months before his arrest, the' defendant never made any claim of self defense and never claimed that he had been attacked by either victim. There was no objection to this testimony at trial, and defense counsel was correct in declining to object. Examination regarding the contents of pre-arrest interviews did not amount to a comment on silence. See White v. State, 757 So.2d 542, 547 (Fla. 4th DCA 2000); State v. D.M., 654 So.2d 256, 257 (Fla. 3d DCA 1995)
Turning to the day of his arrest, the defendant argues that it was fundamental error for the prosecutor to ask the detective “What, if any, statements did [the defendant] make when you arrested him right there?” The defense claims that this unobjected-to question somehow constituted a comment on silence. The problem for the defendant is, there was no silence. The defendant made a statement and the detective told the jury what the statement was. :
Affirmed.