KLEIN, J.
Appellant was convicted of battery and lewd and lascivious molestation, and argues that his confession should have been suppressed because his Miranda[1] warnings were insufficient under Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). *1288 We reject the state’s argument that appellant was not in custody and did not have to be given Miranda warnings and reverse.
There are four factors which determine whether a suspect is in custody for Miranda purposes: 1) the manner in which police summon the suspect for questioning; 2) the purpose, place and manner of interrogation; 3) the extent to which the suspect is confronted with the evidence of his or her guilt; and 4) whether the suspect is informed that he or she is free to leave the place of questioning. See Mansfield v. State, 758 So.2d 636 (Fla.2000).
Appellant was charged with lewd and lascivious behavior with children. He was contacted by a detective who told appellant that the mother of one of the victims had contacted the police and made allegations against him. The detective asked appellant if he “would mind” coming to the police station and speaking to him about the allegations. When appellant arrived at the police station he was photographed, taken to a small room, read his rights from an inadequate Miranda form, and questioned for one and a half hours. Appellant was never told he was not under arrest or that he was free to leave.
The facts in this case are similar to those in two cases in which the Florida Supreme Court held that the defendant was in custody at the time of the interrogation, Caso v. State, 524 So.2d 422 (Fla.1988) and Ramirez v. State, 739 So.2d 568 (Fla.1999). The appellant’s argument in this case is actually stronger than in those cases, because in the present case the police knew it was necessary to give appellant his Miranda rights.

Reversed.

WARNER and HAZOURI, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).