466 So.2d 7 (1985)
Jose CASTILLO, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-930.
District Court of Appeal of Florida, Third District.
March 12, 1985.
Rehearing Denied April 16, 1985.
Bailey, Gerstein, Rashkind & Dresnick and Richard Gerstein and Paul Rashkind, Edward O'Donnell, Miami, for appellant.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
*8 PER CURIAM.
On authority of Andrews v. State, 459 So.2d 1018 (Fla. 1984), State v. Neil, 457 So.2d 481 (Fla. 1984), and City of Miami v. Cornett, 463 So.2d 399 (Fla. 3d DCA 1985), we reverse defendant's conviction and sentence.[1]
We find error also in the state's cross-examination of the defendant's mother-in-law which attempted to portray her as involved in a plot to bribe a witness where there was no evidence to support the suggestion. See Harris v. State, 447 So.2d 1020, 1020 n. 1 (Fla. 3d DCA 1984); see also Smith v. State, 414 So.2d 7 (Fla. 3d DCA 1982). The issue raised in appellant's fourth point on appeal  that the enhanced and mandatory sentence was not supported by the evidence  is not likely to reoccur after a new trial and therefore requires no treatment here. The remaining issue is without merit.
Reversed and remanded for a new trial.
NOTES
[1] A sub-issue under this point is whether a defendant may protest that an identifiable group other than his own is being systematically excluded. The question was answered affirmatively by the United States Supreme Court in Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), which held that a criminal defendant, whatever his race, has standing to challenge the arbitrary exclusion of members of any race from service on a grand or petit jury.