PER CURIAM.
We have before us Wright v. State, 471 So.2d 1295 (Fla. 5th DCA 1985), because of express and direct conflict with Franks v. State, 467 So.2d 400 (Fla. 4th DCA 1985), and Jones v. State, 466 So.2d 301 (Fla. 3d DCA 1985).
The district court in this case concluded that this Court’s holding in State v. Neil, 457 So.2d 481 (Fla.1984), regarding the improper use of peremptory challenges, was intended to apply only to cases going to trial subsequent to Neil, a conclusion contrary to the one in the conflict cases. We recently clarified our holding on this issue. Neil applies to cases pending on direct appeal at the time it became final. State v. Castillo, 486 So.2d 565 (Fla.1986); State v. Safford, 484 So.2d 1244 (Fla.1986). The issue was properly raised in this case before the jury was sworn. After the jury was sworn counsel renewed his objection and requested a ruling. Not having the benefit of our decision in Neil, the trial court was of the opinion that he could not inquire as to the reason for a peremptory challenge:
THE COURT: As I recall you used four peremptory challenges, and the state didn’t ask why you had struck those four, and I don’t believe the current law of the state is that either side has to state why they peremptorily challenged any juror, and I don’t believe that the Court has the authority to investigate that aspect, and so I am still trying to find where you can give me documented proof that Mr. [Lemer] has systematically [struck] black jurors over a period of time in this courtroom or other courtrooms, in order to establish your allegations that he systematically struck two members of the black minority in this jury venire.
We therefore, in accordance with Neil, quash the decision below and direct the district court to remand for a new trial. Franks and Jones are approved in their resolution of the proper application of Neil.
It is so ordered.
*1101 BOYD, C.J., and ADKINS, OVERTON, McDonald, EHRLICH, SHAW and BARKETT, JJ., concur.