491 So.2d 1172 (1986)
Larry HENDRIX, Appellant,
v.
STATE of Florida, Appellee.
No. 86-206.
District Court of Appeal of Florida, Fifth District.
June 26, 1986.
Rehearing Denied August 5, 1986.
Larry Hendrix, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This appeal is from the summary denial of defendant's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
For crimes which were committed prior to October 1, 1983, defendant was sentenced on June 6, 1984 to a total of 75 years' imprisonment, with the court retaining jurisdiction for the first 25 years to review any parole release order. Defendant asserts that his counsel was ineffective in waiving the application of the sentencing guidelines which he was entitled to select pursuant to section 921.001(4)(a), Florida Statutes (1985), without advising him of his options, when the guidelines would have placed his presumptive sentence in the 12-17 year range. He contends[1] that these facts demonstrate prejudice sufficient to require the State to respond and for the court to hold an evidentiary hearing. He further asserts his desire to be sentenced under the guidelines.
Because the motion states a facially sufficient allegation of ineffective assistance of counsel on the sentencing guidelines issue, we reverse and remand with directions to the trial court to either conduct an evidentiary hearing or to attach to the order a copy of that portion of the files and records which conclusively show that petitioner is entitled to no relief. Fla.R.Crim.P. 3.850.
REVERSED and REMANDED for further proceedings.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Defendant asserts other grounds for relief, but those are grounds which either were or could have been raised on direct appeal and therefore are not reviewable in a Rule 3.850 proceeding, Harich v. State, 484 So.2d 1239 (Fla. 1986), or which do not sufficiently assert a basis for relief under the standards established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or Downs v. State, 453 So.2d 1102 (Fla. 1984).