ORFINGER, Judge.
This appeal is from the summary denial of appellant’s motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. He alleges that he received an improper sentence following his conviction for trafficking in cannabis, because of incompetent advice of counsel. We affirm.
Appellant has failed to detail facts sufficient to make a showing of prejudice, an essential element of a claim for post-conviction relief. The basis of appellant’s claim of ineffective assistance of counsel is the allegation that his attorney was not knowledgeable about sentencing guidelines and thus made an uninformed decision to waive the guidelines sentence. Appellant states that he was prejudiced by his attorney’s decision because the non-guidelines sentence [1] of 20 years and a $25,000 fine was greater than the applicable presumptive guidelines sentence. Appellant’s motion, prepared by counsel, does not include a copy of the guidelines scoresheet which was before the trial court at sentencing, nor does appellant state in the motion what the presumptive guidelines sentence would have been. Appellant does not even allege that he would have selected the guidelines sentence had it been explained to him. The only allegation regarding this salient matter is that the non-guidelines sentence of 20 years and a $25,000 fine was “many years in excess of what the guideline scoresheet range would have provided for his offense.” This tells us nothing because we do not know what the presumptive sentence was[2] or how long appellant would actually be incarcerated under the guidelines sentence.
It is a matter of common knowledge that sentences imposed before the adoption of the guidelines did not reflect the actual time of incarceration because of parole. See § 947.16, Fla.Stat. (1985).[3] We also *21 know that even under the guidelines the mandatory minimum sentence must be imposed if the recommended sentence is less than the mandatory sentence. Fla.R. Crim.P. 3.701 d.9; State v. Row, 478 So.2d 430 (Fla. 5th DCA 1985). If, because of parole, a defendant would not be expected to serve more time under a non-guidelines sentence than he would serve under a guidelines sentence without parole, the defendant has not been prejudiced.
This case is distinguishable from Hendrix v. State, 491 So.2d 1172 (Fla. 5th DCA 1986) because in Hendrix the appellant included in the motion those allegations which are missing here, and affirmatively stated his election to be sentenced under the guidelines. The vague and indefinite allegations in the petition sub judice do not make a prima facie showing of ineffective assistance of counsel under the principles announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) or Downs v. State, 453 So.2d 1102 (Fla.1984)
AFFIRMED.
COWART, J., concurs.
SHARP, J., dissents with opinion.

.The offense for which appellant was convicted was trafficking in cannabis, and was committed before the effective date of the guidelines, although sentencing occurred after the guidelines took effect. Thus defendant had the option to select sentencing under the guidelines. § 921.-001(4)(a), Fla.Stat. (1985). From other exhibits attached to the motion, it appears that section 893.135(l)(a)l, Florida Statutes (1983) requiring a mandatory minimum prison sentence of three years plus a 525,000 fine would apply, whether or not appellant was sentenced under the guidelines.

. We presume that the defendant knows what the presumptive sentence was, because he is familiar with the scoresheet and what it disclosed.

. One of the stated principles embodied in the sentencing guidelines is the following:
The sentence imposed by the sentencing judge should reflect the length of time to be served, *21 shortened only by the application of gain time.
Fla.R.Crim.P. 3.701 b.5.