SHARP, J.,
dissenting.
In my view, the trial court erred in denying Morris’ motion for post-judgment relief pursuant to Florida Rule of Criminal Procedure 3.850 without either conducting an evidentiary hearing on the issue of ineffective assistance of counsel at sentencing, or attaching portions of the record which conclusively refute Morris’ allegations.
Morris alleged he received an improper sentence because of incompetent advice of counsel. His attorney opted to have him sentenced under the pre-guidelines law.[1] The offense for which Morris was convicted occurred before the effective date of the guidelines, but he was sentenced after they were effective. Therefore, he could have chosen to be sentenced under the guidelines.[2]
The sentencing decision was made at a time when the guidelines were relatively new. Morris’ two defense counsel had practically no knowledge about the guidelines. The quoted record attached to the motion indicates defense counsel confused the sentencing guidelines with waiving a presentence investigation. Morris alleged his defense counsel made no effort to advise him about their impact on sentencing, and that they would admit this at a hearing. Further, although there was a brief discussion about waiver of the guidelines in the attached record, it does not reveal that appellant was advised by anyone that he could elect sentencing under them.[3]
As a result of this ill-advised election, Morris received a twenty-year sentence and a $25,000.00 fine for trafficking.[4] In his petition, Morris alleged he received a sentence “many years” in excess of the presumptive sentence, although he does not specify the number or range of departure. This, in my view, is a sufficient allegation of prejudice to require more than a summary denial. Indeed, the trial judge might have departed to the same extent after giving sufficient clear and convincing written reasons,[5] but whether or not the judge would have departed in this case or to what *22 extent is a matter of speculation, based on the record before us.
The First District has held that where an appellant alleges counsel failed to advise him of his right to elect guideline sentencing, a facially sufficient allegation of ineffective assistance of counsel exists.[6] Therefore, this decision is in conflict with our sister court.
It is also in conflict with a decision from this court in which we held that a petition alleging a defendant’s counsel waived the application of the sentencing guidelines without advising the defendant of his options was facially sufficient to require a hearing on the issue of ineffective assistance of counsel. Hendrix v. State, 491 So.2d 1172 (Fla. 5th DCA 1986). The only difference between Hendrix and this case is that the appellant in Hendrix specified the applicable sentencing range under the guidelines. Although that would have been preferable in this case, I do not think it is a material defect.
Based on Morris’ allegations, I think the trial court should either conduct an eviden-tiary hearing to determine competency of counsel at sentencing and prejudice, if any, to appellant;[7] or attach a portion of the record which conclusively refutes the allegations of Morris’ petition on the issue of competency of counsel at sentencing.[8]

. Fla.R.Crim.P. 3.701.

. In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983); the sentencing guidelines will be effective for all offenses committed after October 1, 1983, and affirmatively selected by the defendant for sentences imposed after that date for crimes occurring prior thereto.

. THE COURT: Well, you have not affirmatively requested to be sentenced under the guidelines, so I presume you’re not being sentenced under the guidelines.
MR. WARREN: All right. We will waive the guidelines then.

. § 893.135, Fla.Stat. (1981).

. Fla.R.Crim.P. 3.701.b.6.

. Wright v. State, 491 So.2d 1100 (Fla. 1st DCA 1986).

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Bucherie, 468 So.2d 229 (Fla.1985); Downs v. State, 453 So.2d 1102 (Fla.1984).

. Wright v. State, 491 So.2d 1100 (Fla. 1st DCA 1986); Simpson v. State, 479 So.2d 314 (Fla. 5th DCA 1985); Rogers v. State, 467 So.2d 819 (Fla. 5th DCA 1985); and Fla.R.Crim.P. 3.850.