DAUKSCH, Judge.
This is an appeal from a denial of a motion for post-conviction relief.
For the second time appellant appeals the denial of his 3.850, Florida Rules of Criminal Procedure, motion because the trial judge refused to give him a hearing on his motion. This court earlier wrote:
Appellant has alleged he was denied effective assistance of counsel at sentencing. He says his lawyer never told him he could be sentenced under the sentencing guidelines and that if so he would be entitled to a lesser sentence. See also Hendrix v. State, 491 So.2d 1172 (Fla. 5th DCA 1986).
Because the allegations are sufficient, we quash the order and remand for an evidentiary hearing and order thereon.
Henderson v. State, 496 So.2d 226 (Fla. 5th DCA 1986).
The reason no hearing was granted was because the judge said he would depart from the recommended guidelines sentence even if appellant élected a guideline sentence. Maybe so, but this court ordered a hearing to determine whether appellant was properly represented. If he was not properly represented appellant should be permitted to elect to be sentenced under the guidelines. Then if the sentencing judge decides to depart from the guidelines, that procedure should be followed; a written order with proper reasons for departure.
The order denying hearing on the defendant’s motion is reversed and this cause remanded to the circuit court of the ninth circuit. Upon receipt of this case the chief judge shall assign a different circuit judge to preside over this case and carry out the mandate of this Court and the law in regard to petitions for post-conviction relief.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.