BASKIN, Judge.
During trial proceedings for Haitian defendant Saintjour, the trial judge remarked:
THE COURT: ...
I think it’s a shame people come here and do not try to learn our language. However, they might learn something if they sit here for awhile.
[[Image here]]
It is important to make an effort so you can be able to understand. It is incumbent upon all of you to go ahead and make an attempt to learn English.
The next day, the trial judge sought to cure any prejudice she may have caused defendant, stating:
THE COURT: ...
I made a remark yesterday in reference to people who are citizens and as citizens, I do believe they have a duty at least a moral duty to go ahead and attempt to learn the language. In that, I am making no reference to the defendant, whether the defendant speaks English or not and I do not know whether he does. However, he is entitled to an interpreter so he understands everything that is said in this courtroom. (Emphasis supplied.)
Despite the court’s attempted cure, we find that her statements impugned defendant’s character and deprived him of a fair trial. Courts have recognized that some' remarks by the judge may, by mere innuendo, detract from the fairness of the trial by influencing the independent judgment of the jury. Lester v. State, 37 Fla. 382, 20 So. 232, 234 (1896); see Kellum v. State, 104 So.2d 99, 102 (Fla. 3d DCA 1958); Coley v. State, 185 So.2d 472 (Fla.1966); see generally Peek v. State, 488 So.2d 52, 56 (Fla.1986) (“Judges must make sure that their statements, both on and off the bench, are proper and do not convey an image of prejudice or bias to any person or any segment of the community.”). We find that the court’s repeated disparagement of citizens who lack fluency in English could only have indicated that the court perceived defendant as deficient in his “moral duty.” Her comments precluded a fair trial.
Our resolution of this issue makes it unnecessary for us to consider Saintjour’s remaining point on appeal.
*875 REVERSED AND REMANDED FOR NEW TRIAL.