537 So.2d 693 (1989)
Rolando DEL SOL, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-3185.
District Court of Appeal of Florida, Third District.
January 31, 1989.
*694 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
A defendant, whatever his race, has standing to challenge the arbitrary exclusion of members of any race for grand or petit jury service. Castillo v. State, 466 So.2d 7, 8 n. 1 (Fla. 3d DCA 1985) following Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972). Defendant Rolando Del Sol was not afforded a proper opportunity to pursue his allegation as to the systematic exclusion of black jurors from his criminal trial as required by State v. Neil, 457 So.2d 481 (Fla. 1984). We therefore reverse Del Sol's conviction and sentence.
We find error also in the trial court's comments upon the credibility of various witnesses during trial. The firmly established rule in Florida is that the trial judge should avoid making directly to or within the hearing of the jury, any remark which is capable of conveying directly or indirectly, expressly, inferentially, or by innuendo, any intimation as to what view he or she takes of the case or as to what opinion the judge holds concerning the weight, character, or credibility of any evidence adduced. Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975); see also Raulerson v. State, 102 So.2d 281 (Fla. 1958); Seward v. State, 59 So.2d 529 (Fla. 1952); Leavine v. State, 109 Fla. 447, 147 So. 897 (1933).
Because our holding conflicts with Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987), we certify a conflict therewith so as to pair this case for review with the latter.
REVERSED AND REMANDED.