541 So.2d 1224 (1989)
Antonio TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-708.
District Court of Appeal of Florida, Second District.
February 1, 1989.
*1225 James Marion Moorman, Public Defender, and Robert Mack, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Appellant, a white defendant who was represented by black counsel at trial, challenges his convictions for first-degree murder and armed robbery. He contends that the state systematically excluded black jurors, improperly commented on his right to remain silent, and that the court failed to give his requested jury instructions on lesser included offenses. We find no reversible error and affirm.
During voir dire examination of the jury panel before trial, the state exercised five peremptory challenges to exclude five black prospective jurors. Appellant's attorney made timely objections on the basis that the challenges constituted a systematic exclusion of blacks from the jury. Appellant's attorney asked the court to require the prosecutor to provide non-racial reasons for its challenges. The court denied the request, declaring that appellant did not have standing to object because he was white. We agree.
In Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972), a white defendant challenged the prosecutor's systematic exclusion of black jurors from the grand and petit jury. The United States Supreme Court, although divided on the opinion, held that whatever his race a defendant has standing to challenge the jury selection system on the ground that it arbitrarily excluded members of any race from jury service without a showing of actual harm or bias. Under Peters, appellant would have standing to challenge the state's exclusion of potential black jurors.
However, in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court subsequently reviewed a black defendant's claims that the prosecutor used his peremptory challenges to strike all four black persons on the venire. The Supreme Court reversed the conviction because the trial court flatly rejected the defendant's objection to the prosecutor's removal of all black persons on the venire without requiring the prosecutor to explain his reasons. The Court stated that to establish a prima facie case of purposeful discrimination concerning the prosecutor's use of peremptory challenges, the defendant must first show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's own race. 476 U.S. at 96, 106 S.Ct. at 1722. Obviously, appellant cannot make this prima facie showing as he is white, and the excluded jurors are black.
Some state courts have held that a white defendant has standing to challenge a prosecutor's use of peremptory challenges to eliminate black jurors. See, e.g., State v. Superior Court, 157 Ariz. 541, 760 P.2d 541 (1988). However, in Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987), the fifth district stated that in order to challenge the exclusion of jurors on racial grounds, a defendant must show he is a member of the racial group being singled out for differential treatment. The court held that in *1226 accordance with that rule, first enunciated in Batson, Kibler had no standing to challenge the exclusion of the black jurors. Kibler and his alleged victim were both white, as are the appellant and the victims in this case.
Appellant argues that the Florida Supreme Court decision in State v. Neil, 457 So.2d 481 (Fla. 1984), requires reversal. We disagree. In Neil, standing was not an issue because both the defendant and the challenged jurors were black. Neil held that once an objecting party demonstrates that those challenged are members of a distinct racial group and that there is a strong likelihood they have been challenged solely on race, the burden shifts to the other party to show otherwise. Neil was decided some seven months before Batson. We agree with the statement in Kibler that nothing in the Neil decision indicates that the Florida Supreme Court intended a different test for standing than that set out in Batson. 501 So.2d at 77.
The identical issue was before the Court of Criminal Appeals of Alabama in Smith v. State, 515 So.2d 149 (Ala. Crim. App. 1987). In Smith, the white defendant contended that the rule in Batson should apply to him because he was represented by a black attorney. The court disagreed and stated:
The very wording of Batson establishes that the excluded veniremen and the defendant must be of the same race. Such a holding leaves no room for any argument that the excluded veniremen and the defendant's attorney need only be of the same race in order for Batson to apply. We, therefore, hold that the rule of Batson does not apply in cases where black veniremen are removed from the jury of a white defendant. In so holding, we find ourselves in agreement with other jurisdictions on this issue. See Kibler v. State, 501 So.2d 76 (Fla. 1987); Pope v. State, 256 Ga. 195, 345 S.E.2d 831 (1986); State v. Christensen, 720 S.W.2d 738 (Mo. Ct. App. 1986).
515 So.2d at 150.
Because Florida has not extended standing to a white defendant to challenge the exclusion of black jurors, and because the United States Supreme Court in Batson has receded from its position in Peters, we conclude, on the authority of Batson, that appellant did not have standing to challenge the state's exclusion of black jurors. Therefore, the trial court did not err in failing to require the state to provide reasons for its use of peremptory challenges. However, we find this issue to be of great public importance and certify the following question to the Florida Supreme Court:
DOES A WHITE DEFENDANT BEING REPRESENTED BY A BLACK ATTORNEY HAVE STANDING TO CHALLENGE THE STATE'S EXCLUSION OF BLACK JURORS BY USE OF PEREMPTORY CHALLENGES IN LIGHT OF BATSON V. KENTUCKY, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and STATE V. NEIL, 457 So.2d 481 (Fla. 1984)?
Appellant also contends that the trial court erred in denying counsel's motion for mistrial after the state allegedly commented on his right to remain silent. The remarks which the state made were to the effect that the defendant had had his day in court, that the system bends over backwards for defendants, that he had an attorney, and that he put the victim's family on trial. The prosecutor then commented to the jury that it had not heard any testimony to contradict the state's witnesses. The trial court made a factual finding that the prosecutor's comments referred to defense counsel and not the appellant. It is not improper for a prosecutor in closing argument to review the evidence as a whole and point out that it is uncontradicted. A comment on the credibility of the defense in general as opposed to an individual defendant is permitted. State v. Shepard, 479 So.2d 106 (Fla. 1985); White v. State, 377 So.2d 1149 (Fla. 1979). See e.g. Jones v. State, 253 So.2d 154 (Fla. 2d DCA 1971), cert. denied, 256 So.2d 514 (Fla. 1972), (holding that a similar comment pointed to the fact that the state witness had not been contradicted rather than to the fact that the defendant had not testified). *1227 Thus, the trial court correctly denied appellant's motion for mistrial.
Finally, appellant contends the court erred in denying his requested jury instructions on grand theft and third-degree murder. Florida Rule of Criminal Procedure 3.510 provides that a defendant may be convicted of any offense which is a necessarily included or lesser included offense of the offense charged in the indictment or information and is supported by the evidence.
The offense of grand theft is included in the second count of the indictment which charges robbery of more than $100 with a firearm. The victim testified that the appellant took more than $100 from her. Because the evidence supports the grand theft charge and the charge was included in the indictment, the trial court erred in failing to give this instruction as well as the instruction regarding third-degree felony murder. However, because the offense of grand theft is two steps removed from robbery with a firearm, the trial court's failure to give this instruction constitutes harmless error. Perry v. State, 522 So.2d 817, 820 (Fla. 1988); State v. Abreau, 363 So.2d 1063 (Fla. 1978); Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988).[1] Likewise, absent the grand theft instruction, there is no basis for the third-degree felony murder instruction.
Accordingly, the judgment and sentence is affirmed.
CAMPBELL, C.J., and PARKER, J., concur.
NOTES
[1] Cf. Acensio v. State, 497 So.2d 640 (Fla. 1986), wherein the Florida Supreme Court reversed this court's finding of harmless error with respect to the trial court's failure to give a requested battery instruction. There, the defendant was convicted of aggravated battery with a firearm, a second-degree felony. While an instruction on attempted manslaughter was given, this offense was not listed on the verdict form. Because the offense one step removed from the crime charged was not included on the verdict form, the defendant was entitled to instruction on the lesser included offense of battery. The court, however, upheld the rule articulated in Abreau that a refusal to instruct on a lesser included offense two steps removed from the conviction is harmless error.