PER CURIAM.
This is an appeal by the defendant Fernando Hernandez from a judgment of conviction and sentence for robbery which was entered below upon an adverse jury verdict. We reverse and remand for a new trial based on the following briefly stated legal analysis.
First, we conclude that the trial court committed reversible error in allowing the state, over a defense objection, to exercise peremptory challenges on two Black prospective jurors. A prima facie showing was made on this record that the peremptory challenges were exercised by the state on the above jurors solely because they were Black; moreover, the state failed to overcome this prima facie showing below because the explanation proffered as to why these jurors were excused was vague and unconvincing. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, — U.S. -, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla.1984). This result is not changed by the fact that the defendant in the instant case is Hispanic, rather than Black, because “[a] defendant, whatever his race, has standing to challenge the arbitrary exclusion of members of any race for grand or petit jury service.” Del Sol v. State, 537 So.2d 693 (Fla. 3d DCA 1989); Castillo v. State, 466 So.2d 7, 8 n. 1 (Fla. 3d DCA 1985) (following Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972)), approved in part, quashed in part on other grounds, 486 So.2d 565 (Fla.1986). We certify, however, that this latter holding conflicts with Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987).
Second, we conclude that the trial judge committed reversible error by making certain anti-Hispanic comments during voir dire of the jury. The judge criticized Hispanic Americans for failing to learn and speak English well; he also told a critical anecdote concerning an Hispanic defendant in a traffic case who falsely claimed he could not speak English. These comments greatly prejudiced the defendant herein because (a) he, too, was an Hispanic American who claimed he could speak little English and was provided with a court interpreter, and yet (b) a police detective testified that the defendant gave a full confession to him in English. Saintjour v. State, 534 So.2d 874 (Fla. 3d DCA 1988); see Pollard v. State, 444 So.2d 561, 563 (Fla. 2d DCA 1984); Lester v. State, 458 So.2d 1194, 1195 (Fla. 1st DCA 1984).
Third, in view of the above, it is not necessary to reach the defendant’s final contention that it was reversible error to limit the defendant’s final argument to the jury to twenty minutes. The trial court, however, may wish to reexamine its ruling upon retrial of this cause as,, in our view, the defendant’s claim here is a substantial one. See Foster v. State, 464 So.2d 1214, 1215-17 (Fla. 3d DCA 1984), and cases collected.
The final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court for a new trial.
REVERSED AND REMANDED.