JORGENSON, Judge.
Luis Enrique Moriyon appeals a judgment of conviction and sentence for trafficking in cocaine. Moriyon asserts reversible error based upon the trial court’s refusal to grant his motion for severance and failure to conduct an adequate Neil inquiry.[1]
We agree that the trial court committed reversible error by failing to conduct an adequate inquiry into the state’s use of peremptory challenges to strike black prospective jurors pursuant to State v. Neil, 457 So.2d 481 (Fla.1984), clarified sub nom State v. Castillo, 486 So.2d 565 (Fla.1986), and State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, — U.S.-, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).[2] In support of its assertion that no error occurred, the state offers two justifications. First, the state contends that, as a Hispanic defendant, Moriyon lacked standing to question the state’s exercise of peremptory challenges. This court, however, has held repeatedly that “[a] defendant, whatever his race, has standing to challenge the arbitrary exclusion of members of any race for grand or petit jury service.” Castillo v. State, 466 So.2d 7, 8 n. 1 (Fla. 3d DCA 1985) (following Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972)), approved in part, quashed in part on other grounds, 486 So.2d 565 (Fla.1986); Rodriguez v. State, 539 So.2d 612 (Fla. 3d DCA 1989); Parrish v. State, 540 So.2d 870 (Fla. 3d DCA 1989); Hernandez v. State, 538 So.2d 521 (Fla. 3d DCA 1989); Del Sol v. State, 537 So.2d 693 (Fla. 3d DCA 1989). The Florida supreme court limited the impact of Neil to “peremptory challenges of distinctive racial groups solely on the basis of race,” reserving for another day the question whether Neil is implicated where group bias is based upon “religious, ethnic, sexual, or other grounds.” 457 So.2d at 487. If we were not sufficiently clear in Castillo, where we alluded to the question of standing to protest the exclusion from jury service of an identifiable group other than the defendant’s, we now hold explicitly that a party may request an inquiry into the use of peremptory challenges on the basis of ethnicity. Standing exists whether the defendant is Hispanic, rather than black, as in Castillo and Del Sol, or a Hispanic *381 whose defense counsel is black, as in the case now before us.[3] Neil and other cited cases evince a juridical concern to increase rather than to diminish minority participation on trial juries.[4] Second, the state urges that the trial court did in fact conduct a Neil inquiry just prior to swearing in the jury. A careful review of the record demonstrates that the trial court conducted the most perfunctory of inquiries and accepted at face value the state’s proffered reasons for excluding black veniremembers from the jury. It appears that the hearing was curtailed without allowing a full presentation by the defense because of the erroneous premise that Neil was inapplicable. This prevented the necessary development of a complete record, which is an essential prerequisite both for the trial judge and for appellate review.[5] “[A] judge cannot merely accept the reasons proffered at face value, but must evaluate those reasons as he or she would weigh any disputed fact.” Slappy, 522 So.2d at 22.
Reversed and remanded for a new trial. Conflict certified.

. We find no abuse of discretion in the trial court’s denial of Moriyon’s motion to sever his trial from that of codefendant Lourdes Garcia Lavin. Severance is not required where, as here, the antagonistic defenses amount to nothing more than codefendants blaming one another for the crime. O'Callaghan v. State, 429 So.2d 691 (Fla.1983); McCray v. State, 416 So.2d 804 (Fla.1982).

. Voir dire was conducted outside the presence of the trial court. Upon our request, the parties furnished supplemental briefs on the issue of a trial judge's absence during voir dire in light of the supreme court’s recent decision in Brown v. State, 538 So.2d 833 (Fla.1989). In Brown, the court recognized that a judge’s presence throughout a trial is a fundamental right which can be waived only by a fully informed defendant, not defense counsel, and only in limited circumstances. The parties also supplied this court with a copy of a waiver signed by Mori-yon in which he relinquished his right to have the trial judge present during voir dire. The identical waiver has been deemed to establish a prima facie valid consent. Kemp v. State, 541 So.2d 1332 (Fla. 3d DCA 1989). Having reviewed the supplemental briefs and the waiver, we conclude that Moriyon knowingly and intelligently waived his right to the judge’s presence during voir dire. Brown; Kemp; Peri v. State, 426 So.2d 1021 (Fla. 3d DCA), rev. denied, 436 So.2d 100 (Fla.1983).

. We certify conflict with Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987), and Torres v. State, 541 So.2d 1224 (Fla. 2d DCA 1989).

. See generally Jorgenson, Back to the Laboratory with Peremptory Challenges: A Florida Response, 12 Fla.St.U.L.Rev. 559, 567 n. 58 (1984).

.We caution that the absence of the trial judge during jury selection adds to the difficulty of conducting a proper Neil inquiry as the trial judge will not have personally observed voir dire and a transcript will not ordinarily be available. Where that is the case, the Neil hearing must be conducted with an additional measure of care.