PER CURIAM.
Appellant, the defendant below, was charged with attempted second-degree murder of one Marshall Griffin. The incident occurred immediately after Griffin had a conversation with appellant’s former girlfriend, and appears to have been prompted either by the conversation or by an ongoing dispute between Griffin and appellant, possibly involving drugs. Griffin was the only State witness to be called at the trial which resulted in the appellant’s conviction.
Appellant appeals the adverse final judgment and conviction by making three arguments with which we agree. Accordingly, we reverse. First, during defense counsel’s opening statement, the State objected on the various grounds of improper opening argument, hearsay, and relevance, and, in open court, the trial judge upheld the objections in a manner that appeared to rebuke defense counsel in the presence of the jury. Second, on cross-examination, defense counsel sought to impeach Griffin on an allegedly inconsistent statement, in response to which the trial judge ruled “I don’t believe it is inconsistent, and I don’t believe it is material to this issue, and I’m not going to let you get into it, it is not an inconsistent statement.” Third, when appellant testified that Griffin had been at appellant’s apartment complex in the weeks preceding the shooting because he “worked” there selling crack cocaine, the trial judge, in response to the State’s objection, struck that answer and instructed the jury to disregard it.
Appellant correctly argues that the court erred in upholding the challenged objections by the State during defense counsel’s opening statement, and that it abused its discretion in repeatedly rebuking defense counsel in the presence of the jury to the extent that defense counsel’s level of advocacy might have been restricted and appellant thereby denied a fair and impartial trial. See Wilkerson v. State, 510 So.2d 1253 (Fla. 1st DCA 1987); Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980).
Further, the referenced comment concerning the allegedly inconsistent statement constituted an improper comment upon the credibility of the prosecution’s sole witness, see Del Sol v. State, 537 So.2d 693 (Fla. 3d DCA 1989); Parise v. State, 320 So.2d 444 (Fla. 3d DCA 1975). We repeat and reaffirm the firmly established rule in Florida
that the trial judge should avoid making directly to or within the hearing of the jury, any remark which is capable of conveying directly or indirectly, expressly, inferentially, or by innuendo, any intimation as to what view he or she takes of the case or as to what opinion the judge holds concerning the weight, character, or credibility of any evidence adduced.
Del Sol, 537 So.2d at 694.
Finally, we agree with appellant’s contention that the court erroneously precluded defense counsel’s introduction of evidence alleging that Griffin, the State’s sole *1124 witness and the alleged “victim” of the crime charged, was a drug dealer who, in fact, may have been shot by a third party with whom he had had contact in connection with a drug deal, and that his trial testimony was an attempt to conceal that fact by blaming the shooting upon the defendant.
We have considered the State’s view that this testimony was solely intended to establish Griffin’s bad character, and, therefore, should have been excluded. We disagree. The evidentiary rule of “limited admissibility” recognizes that evidence inadmissible for one purpose may, however, be admissible for another, Section 90.107, Florida Statutes (1987); see Hunt v. Seaboard Coast Line R.R. Co., 327 So.2d 193 (Fla.1976); see generally McCormick, Evidence (Cleary ed. 3d ed.) § 59, and, therefore, because the credibility of a witness may be attacked by showing that the witness is biased, Section 90.608(l)(b), Florida Statutes (1987), appellant’s relevant evidence on the issue of Griffin’s possible bias or motivation to testify falsely was improperly excluded, see Dukes v. State, 442 So.2d 316 (Fla. 2nd DCA 1983); Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983); Kufrin v. State, 378 So.2d 1341 (Fla. 3d DCA 1980); Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976), especially in light of the fact that Griffin was the State’s sole witness. Accordingly, this case must be reversed.
Reversed and remanded.