ALTENBERND, Judge.
We reverse Mr. Eichelberger’s convictions and sentences for first-degree murder, arson, and robbery. The trial court committed error because it failed to conduct a Neil[1] hearing after the defendant objected to the state’s use of peremptory challenges to exclude the only two Afro-Americans on the.venire.
In this case, the defendant objected after the state had used five peremptory challenges, two of which were used to exclude the Afro-Americans on a thirty-member venire.[2] The trial court did not conduct a Neil hearing, because Mr. Eichelberger is white and the trial occurred prior to the decisions in Kibler v. State, 546 So.2d 710 (Fla.1989), rev’g 501 So.2d 76 (Fla. 5th DCA 1987), and Torres v. State, 548 So.2d 660 (Fla.1989), quashing 541 So.2d 1224 (Fla. 2d DCA 1989). In Kibler and Torres, the supreme court overturned decisions denying white defendants standing to raise the exclusion of black jurors. Thus, Mr. Eichelberger had standing to request a Neil hearing. Timmons v. State, 548 So.2d 255 (Fla. 2d DCA 1989), review denied, 557 So.2d 35 (Fla.1990), cert. denied, — U.S. -, 110 S.Ct. 3220, — L.Ed.2d - (1990).
If there was any doubt concerning the existence of a “strong likelihood” that the jurors were impermissibly challenged, the trial court was obligated to conduct the hearing. Thompson v. State, 548 So.2d 198 (Fla.1989). In this case, the pattern of exclusion, which eliminated all potential black jurors, created a doubt as to whether the prospective jurors were impermissibly challenged. Bryant v. State, Nos. 71,356, 71,357, 71,258, 71,355, — So.2d -(Fla. Mar. 29, 1990) [15 F.L.W. S178], See also Timmons. Accordingly, we must reverse the convictions and sentences and remand for a new trial.
Reversed and remanded.
RYDER, A.C.J., and HALL, J., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), and clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).

. At the trial, the following colloquy transpired between counsel and the court:
MR. SCHWARTZBERG: We will enter an objection. State has struck both black members. I believe he’s striking them solely for denying my client a fair—
MR. FEDERICO: That only applies if it’s a black defendant and black jurors. That doesn’t apply when it’s a white defendant and black jurors.
MR. SCHWARTZBERG: My client is entitled to a fair cross section.
THE COURT: Do you have any case law on point?
MR. SCHWARTZBERG: No. My client is entitled to [a] fair cross section of the community. I just object on the basis of that, Judge.
MR. FEDERICO: I don't believe I’m required to state the reasons for that. There is a number of other people that have been struck too. There has been 12 people out of 30 that have been struck.
THE COURT: The objection will be noted.
MR. WHITE: Could you make a further notation that at this point all the Afro-Americans on the prospective veniremen have been stricken by the State.
THE COURT: There is only two.