PER CURIAM.
Montgomery challenges his convictions for burglary, sexual battery, kidnapping and aggravated assault because the trial court failed to conduct a Neil inquiry[1] after the state exercised peremptory challenges to exclude prospective black jurors. We reverse.
The trial court did not conduct an adequate Neil hearing and did not have the benefit of Kibler v. State, 546 So.2d 710 (Fla.1989), and Torres v. State, 548 So.2d 660 (Fla.1989), where the supreme court overturned decisions denying white defendants standing to challenge the exclusion of black jurors. Since Montgomery possessed standing to request a Neil hearing, we reverse and remand for a new trial. See Eichelberger v. State, 562 So.2d 853 (Fla. 2d DCA 1990).
REVERSED and REMANDED.
WENTWORTH, MINER and WOLF, JJ., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986), and clarified, State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).