THOMPSON, J.
The State of Florida appeals a judgment withholding adjudication. Because of errors raised by Penn on cross-appeal, we reverse and remand for a new trial.
Penn was convicted of resisting an officer without violence. At trial, police officer Gary Johndro testified that he stopped Penn because he saw Penris vehicle exit from behind a closed business in an area where burglaries had occurred in the past and because the vehicle swerved after exiting the business. Johndro testified that he asked Penn for his driver’s license and registration, but that instead of complying, Penn asked Johndro why he stopped him. Johndro testified that Penn was hostile and refused to give Johndro any information. Johndro informed Penn that he was required to provide the information and gave Penn the option of providing his name and birth date. Johndro testified that he gave Penn several opportunities to provide an identification card or his name, but that Penn became louder and more agitated.
Because Penn continued to refuse to comply with Johndro’s request, Johndro decided to arrest Penn. Johndro testified that Penn refused to exit the vehicle. Johndro opened the car door, but Penn, continuing to argue, would not remove his hands from the steering wheel. Johndro testified that at some point during his attempt to remove Penn from the vehicle, Penn knocked Johndro’s hand away and grasped the steering wheel again. When back-up arrived, Penris right foot was still in the vehicle and his left foot was on the ground, and Johndro was still attempting to remove Penn from the vehicle. Johndro testified that Officer Bowman helped him remove Penn from the vehicle and arrest him.
Filiz Varnam, Johndro’s girlfriend, testified that she was riding with Johndro the evening that he stopped Penn.[1] Varnam heard Johndro ask Penn for his license and registration several times, but Penn refused to comply. After Varnam saw Penris car door open, she heard Johndro tell Penn that he was being placed under arrest. Varnam testified that at one point, the vehicle looked as if it were about to be driven away, but it stopped.
Penn testified that he did not swerve as he exited the business. Penn testified that Johndro kept asking for his driver’s license and registration, but Penn continued to ask why he had been stopped. Johndro, who seemed angry, said he was the one asking the questions, and that Penn could give Johndro his driver’s license and registration or go to jail. Penn testified that Johndro then walked away from Penn’s vehicle, called for back-up, and returned to the car with a flashlight. Once the backup arrived, Johndro opened the door and began grabbing him. Penn stated that his foot left the brake when Johndro began pulling him, and Johndro told Penn to put the car in park. Penn put the car in park and Johndro pulled him from the car. Penn stated that the other officer grabbed Penn from behind when Johndro pulled him out of the car.
The jury found Penn not guilty of battery on a law enforcement officer, but guilty of the lesser offense of resisting an officer without violence. The trial court withheld adjudication, waived costs, and imposed a fine of $50.
On appeal, the state argues that the trial court erred in failing to impose a period of probation in connection with withholding adjudication. We agree with the state’s contention. See Wiltzer v. State, 756 So.2d 1063 (Fla. 4th DCA 2000) (holding that *69 pursuant to Rule 3.670, Florida Rules of Criminal Procedure, it is improper for a trial court to withhold adjudication but decline to order probation). However, we must reverse and remand for a new trial based on errors committed by the trial court.
First, we agree with Penn’s argument on cross-appeal that the trial court erred in denying his requested special jury instruction that “the Defendant has the legal right to resist an unlawful arrest without violence.” See Jones v. State, 584 So.2d 190 (Fla. 5th DCA 1991) (holding that the trial court erred by not instructing the jury that the defendant could resist an unlawful arrest without violence).
Additionally, we conclude that the trial court’s repeated comments on the consistency of Officer Johndro’s testimony to be error. Penn attempted to impeach Johndro’s testimony with asserted inconsistent statements. When the prosecutor objected, the trial court commented: “I’m not sure what the contradiction is here.” When defense counsel resumed his cross-examination, the prosecutor objected on the same grounds. The court stated, “Go ahead. We’ll see if maybe an inconsistency will creep in here.” Defense counsel resumed his cross-examination on this issue, and the prosecutor again objected. The judge then said, “I’ve not heard any significant deviation from what he said yesterday.” The trial court’s statements were made in the presence of the jury.
It is improper for a trial court to comment on a witness’s alleged inconsistent statements. See McCrae v. State, 549 So.2d 1122 (Fla. 3d DCA 1989). In McCrae, defense counsel sought to impeach a witness with an allegedly inconsistent statement, and in response, the trial judge stated, “I don’t believe it is inconsistent, and I don’t believe it is material to this issue, and I’m not going to let you get into it, it is not an inconsistent statement.” Id. at 1123. In reversing, the district court held:
Further, the referenced comment concerning the allegedly inconsistent statement constituted an improper comment upon the credibility of the prosecution’s sole witness. We repeat and reaffirm the firmly established rule in Florida that the trial judge should avoid making directly to or within the hearing of the jury, any remark which is capable of conveying directly or indirectly, expressly, inferentially, or by innuendo, any intimation as to what view he or she thinks of the case or as to what opinion the judge holds concerning the weight, character, or credibility of any evidence adduced.
Id. (citations omitted).
The additional points raised by Penn on cross-appeal are either not preserved for appellate review or are without merit. For the reasons set forth in this opinion, the judgment is reversed, and the case is remanded for a new trial.[2]
REVERSED and REMANDED.
PALMER and MONACO, JJ., concur.

. There was testimony that this was permissible under the police department’s policy.

. We express no opinion on any impact Hiibel v. Sixth Judicial Dist. Court of Nevada, ■— U.S. -, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004), might have on this case.