MONACO, J.
John Snead seeks a new trial with respect to the judgment and sentence meted out after he was convicted of two counts of arson of an occupied structure. He argues that he is entitled to this relief because law enforcement officers questioned him and obtained a confession without first warning him pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm the trial court’s denial of the motion for new trial because the interrogation was not custodial.
Miranda warnings are intended to protect citizens who are in custody from being coerced into making incriminating statements. The Florida Supreme Court has explained that Miranda established a procedural safeguard “to protect an individual’s fifth amendment privilege against compelled self-incrimination from the coercive pressures of custodial interrogation.” See Caso v. State, 524 So.2d 422, 423 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). The Court specifically noted that Miranda does not apply when the individual is not in custody. See Id.
In the present case the State sought to prove at trial that Mr. Snead twice poured gasoline on and set fire to a trailer that was occupied by three people. The first fire was apparently put out by the occupants. The motivation for the fires was *726 that one of the occupants had failed to pay Mr. Snead $25.00 that was owed to his girlfriend. The evidence reflected that Mr. Snead had been involved in a physical altercation with one of the occupants at some time prior to the fires.
At a pre-trial hearing on a motion to suppress the trial court found that the investigating officers had been invited into the trailer occupied by Mr. Snead by Mr. Snead’s roommate. Once inside, the officers had a casual conversation with Mr. Snead, during which he admitted starting the fires. The officers, who identified themselves as deputy sheriffs, were wearing shirts and ties but were not uniformed. After they identified themselves, Mr. Snead invited them to “have a seat,” and the three men sat at the kitchen table and conversed. With Mr. Snead’s permission, his statement was tape recorded.
The trial court found that the officers did not use threatening or commanding language or gestures, and did not brandish their weapons. They questioned Mr. Snead in his trailer and did nothing to restrict his freedom of movement. Both officers testified that the conversation was casual, and they described Mr. Snead as laid back and cooperative. They said he smoked a cigarette and explained what happened in a matter-of-fact manner. The trial court found, accordingly, that Mr. Snead was not in custody during the questioning.
The question of whether a suspect is in custody is a mixed question of law and fact. Mixed questions of law and fact that ultimately determine constitutional rights are ordinarily reviewed by a two-step approach, deferring to the trial court on questions of historical fact, but conducting a de novo review of the constitutional issue. See Connor v. State, 803 So.2d 598 (Fla.2001), cert. denied, 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002); Ramirez v. State, 739 So.2d 568 (Fla.1999), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000). Given that standard of review, we conclude that no error has been demonstrated.
In order for a court to determine that a suspect is in custody, it must be evident under the totality of the circumstances that a reasonable person in the suspect’s position would feel a restraint on his or her freedom of movement. In other words, a reasonable person in the position of the person being interviewed would not feel free to leave or to terminate an encounter with the police. See Bedoya v. State, 779 So.2d 574 (Fla. 5th DCA), review denied, 797 So.2d 584 (Fla.2001). A trial court should consider four factors in determining whether an interrogation is custodial: (1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; and (4) whether the suspect is informed that he or she is free to leave the place of questioning. See Ramirez, 739 So.2d at 573. Thus, the court must use an objective test to determine whether an individual is in custody. The proper inquiry is not the unarticulated plan of the law enforcement officers, but rather how a reasonable person in the suspect’s position would have perceived the situation. See Davis v. State, 698 So.2d 1182, 1188 (Fla.1997), cert. denied, 522 U.S. 1127, 118 S.Ct. 1076, 140 L.Ed.2d 134 (1998). See also Bedoya.
Although not dispositive, the location of the interview is a factor that supports a trial court’s conclusion that the defendant is not in custody. Thus, as here, when a person invites a law enforcement officer into his or her home and agrees to answer questions, the person is not ordinarily considered to be in custody for Miranda purposes. See Evans v. *727 State, 911 So.2d 796 (Fla. 1st DCA 2005); Buddies v. State, 845 So.2d 939 (Fla. 5th DCA 2003).
The trial court found specifically in denying the motion to suppress that Mr. Snead was not in custody at the time he made the incriminating statements. After comparing the evidence adduced below with the four factors articulated in Ramirez, we agree.
Finally, we note that an appellate court will normally accord great deference to a trial court’s ruling on a motion to suppress since the order disposing of the motion is clothed with a presumption of correctness. A reviewing court should, therefore, interpret the evidence and reasonable inferences and deductions derived from the evidence in a manner most favorable to sustain the rulings of the trial court. See Murray v. State, 692 So.2d 157, 159 (Fla.1997); McNamara v. State, 357 So.2d 410 (Fla.1978). Applying these standards, and concluding that there is substantial, competent evidence to support the determination of the trial court, we find no error.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.