988 So.2d 52 (2008)
Anthony O. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2716.
District Court of Appeal of Florida, First District.
July 11, 2008.
Rehearing Denied August 20, 2008.
*53 Nancy A. Daniels, Public Defender, and Phil S. Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.
*54 HAWKES, J.
Appellant challenges the denial of his dispositive motion to suppress incriminating statements he made in his home to a Levy County Deputy Sheriff. We reverse, concluding a custodial interrogation occurred without Miranda warnings.
Appellant, 17 years old at the time, was interviewed in his home by a Deputy Sheriff. The deputy came to the home and spoke with Appellant's mother, informing her that Appellant was being investigated for having a sexual relationship with an underage girl. The deputy stated he needed to get Appellant's "side of the story." Since Appellant was at school when the deputy arrived, he set an appointment to question Appellant two days later. Appellant was kept out of school to keep the appointment and undergo questioning.
Initially, Appellant was questioned with his parents present. During this phase of the questioning, Appellant continuously denied the allegations. However, when Appellant continued to deny the allegations, the deputy had Appellant's parents step outside. While taking Appellant's parents outside, the deputy told Appellant to "hang on, I'll be right back." When outside, the deputy told Appellant's parents to remain outside so he could question Appellant outside their presence.
Upon returning inside, the deputy continued asking Appellant the same questions he had asked previously. Appellant continued making the same denials he made previously. The deputy then told Appellant the victim had at first lied, then admitted to him that she had sex with Appellant. The deputy also informed Appellant he had evidence of the sexual encounter in the form of the victim's bed sheets and underpants. These assertions with continued, repetitive questioning led to Appellant admitting to having sexual relations with the underage female.
The trial court found the deputy never advised Appellant or his parents of Appellant's Miranda rights. Neither Appellant nor his parents were informed that Appellant could choose not to speak with the deputy or that they could stop the interview. Not only did the trial court find Appellant and his parents believed Appellant had no choice but to speak with the deputy, it found Appellant's parents believed they had no choice but to allow the deputy to interrogate Appellant outside their presence.
From these findings, the trial court made three conclusions to support its denial of Appellant's motion to suppress: (1) Appellant was in his home during questioning, initially in his parents' presence; (2) Appellant was not forced to make any incriminating statements; and (3) Appellant was not coerced. These conclusions either lack a factual basis, or fail to support the trial court's ruling.
First, just because an interrogation[1] occurs in a suspect's home does not mean the interrogation could never be regarded as "custodial." See Evans v. State, 911 So.2d 796 (Fla. 1st DCA 2005). Clearly, an individual can be in custody in his home. This factor is not dispositive. Second, the trial court's conclusion that force was not used is not supported by its findings. Appellant was kept out of school, had to continuously answer repetitive questions, and had to stay in the house and wait for the deputy's return. The trial court found Appellant was not acting voluntarily, and felt compelled to stay and *55 answer questions. Finally, the trial court's conclusion that the deputy did not coerce Appellant is redundant. If Appellant was in custody the environment was coercive. A coercive environment created by being "in custody" can only be dispelled by giving Miranda warnings.
Therefore, the only question in this appeal is whether, under the trial court's findings, Appellant was "in custody" during the interrogation and, as a consequence, entitled to Miranda warnings.
An individual is "in custody" when, under the totality of the circumstances, a reasonable person in the suspect's position would feel a restraint of his freedom of movement, fairly characterized, so that the suspect would not feel free to leave or terminate the encounter with police. See Connor v. State, 803 So.2d 598, 605 (Fla. 2001). Consequently, "[c]ustody for purposes of Miranda encompasses not only formal arrest, but any restraint on freedom of movement of the degree associated with formal arrest." Ramirez v. State, 739 So.2d 568, 573 (Fla.1999).
An objective test is used to determine whether an individual is in custody. See e.g., J.C.M. v. State, 891 So.2d 573, 577 (Fla. 1st DCA 2004). "The proper inquiry is ... how a reasonable person in the suspect's position would have perceived the situation." Davis v. State, 698 So.2d 1182, 1188 (Fla.1997). Four factors shape the determination of whether a suspect is in custody: (1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his guilt; and (4) whether the suspect is informed that he is free to leave the place of questioning. See J.C.M., 891 So.2d at 577.
Applying the four-part test to the case at bar:
First, we look at how the interrogation was arranged. Here, the deputy arrived at Appellant's home and told Appellant's mother he had been told Appellant was involved in a sexual relationship with an underage girl, and he needed to speak with Appellant to get his side of the story. Appellant was the subject of the investigation, not a witness, and he was kept out of school to submit to questioning. As the trial court found, Appellant believed he had no option but to attend and could not terminate his encounter with the deputy.
Second, we evaluate the purpose, place and manner of the interrogation. The purpose of this interrogation was to obtain incriminating responses. This factor supports an "in custody" conclusion. The place of the interrogation was Appellant's home. Normally, questioning in a suspect's home would mitigate against a conclusion that the questioning was "custodial." However, although Appellant's parents were initially present during questioning, after Appellant continued to deny the allegations, the deputy had them step outside. He never told them they did not have to go outside, and their testimony, which the trial court accepted, was that they believed they had no choice but to comply, leaving the deputy free to question Appellant alone. Removing the parents and isolating the juvenile suggests a custodial environment. The manner of the interrogation was insistent, authoritative, and repetitive, which created a more coercive or "custodial" environment. The deputy had Appellant kept out of school, had the parents leave, and when taking the parents outside, told Appellant to "hang-on." Appellant's denials led only to repeated questioning.
Third, we examine the extent to which Appellant was confronted with evidence of guilt. Here, the deputy confronted Appellant with evidence of his guilt by stating *56 the victim first lied then admitted to him that she and Appellant had sex, and that the deputy had obtained bed sheets and underpants from the victim. In essence, Appellant was told his denials were futile, because the evidence against him was total and overwhelming.
Fourth, we look at whether the deputy told Appellant he was free to leave. Certainly, the deputy never advised Appellant of his Miranda rights, which removes any question of admissibility. However, the deputy also failed to take any measures to mitigate the coercive aspects of the questioning, such as informing Appellant he was free to leave, or that he could terminate questioning. Significantly, the trial court found Appellant and his parents believed they did not have a choice, and could not refuse to submit to questioning. Thus, essentially, the trial court found both the 17-year-old and his parents felt a "restraint on freedom of movement of the degree associated with formal arrest." Ramirez, 739 So.2d at 573.
Under the totality of the circumstances, applying the four part test in J.C.M., a reasonable juvenile in Appellant's position, watching his parents unquestioningly comply with the deputy's requests, would not have felt free to leave, or free to refuse to answer questions and terminate his encounter with law enforcement. Accordingly, Appellant was in custody for Miranda purposes. The trial court erred as a matter of law by concluding Appellant was not in custody, that Miranda was not required, and by failing to grant the motion to suppress. Appellant's judgment and sentence are REVERSED.
BENTON and VAN NORTWICK, JJ., concur.
NOTES
[1] Efforts to solicit incriminating responses are "interrogation" under Miranda. See J.G. v. State, 883 So.2d 915, 922 (Fla. 1st DCA 2004). No one disputes that the questioning was "interrogation" as that term is used in Miranda.