34 So.3d 224 (2010)
D.B., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3649.
District Court of Appeal of Florida, Fourth District.
May 12, 2010.
*225 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
A juvenile appeals the denial of his motion to suppress after entering a no contest plea to charges of burglary of a dwelling, grand theft, and criminal mischief greater than $1,000. He argues the trial court erred in denying the motion to suppress because he was not given Miranda[1] warnings. We agree and reverse.
The juvenile was originally thought to be a witness to a burglary. A detective interviewed him at his home with his mother present. During that interview, the juvenile provided a name and positive photo identification of a suspect.
That suspect then inculpated the juvenile in the crimes. The juvenile's mother drove him to the district office for a second interview. The detective brought the juvenile into the five-by-five foot investigation room where he remained alone, but under camera surveillance, while the detective spoke to his mother for sixteen minutes.
The detective testified that he did not provide the juvenile with his Miranda rights at the beginning of the interview because he was listed as a witness. He just "wanted to confirm or deny the allegations made by the co-defendant."
The court watched a DVD of the interview. It showed the detective telling the juvenile that he had obtained information not previously revealed by the juvenile in the first interview. The detective explained that he already knew what the juvenile did and that he needed to tell the truth.
[W]hen I spoke to you yesterday, you know, I kind of gave you the benefit of the doubt. Okay? I  You know, based on everything ... I wanted to believe you, what you said, and stuff like that. All right? Obviously, things came to light. I found out what you did, what your participation was. Okay? And I'm going to give you an opportunity to tell the truth.
But I want  I want you to do is tell me the truth. Okay? And this is a lesson that you're going to learn today. By telling the truth, it helps the situation out. When you lie, you can't take back a lie. And the more you lie, the more in trouble you get. Okay? And that's something that you're going to learn today. Okay? So, my advice to you is tell me the truth. I know what you did. Okay? I already learned.
. . . .
I spoke to [the co-defendant] in here by ... ourselves, just me and him. And he told me what happened. Okay? And obviously I learned some things, things that you didn't tell me. Okay? And that's what I want you to do is tell me now. Because ultimately what happens is  How old are you, 10 years old?
. . . .
Take the punishment. It's going to be over  Okay? But you've got to tell me the truth because right now your mom is ultimately responsible for everything that you do.

*226 . . . .
Okay. But that's the way it is. Okay? And if it gets to the point where you're out of control and you're incapable of listening to your mother's directions and... you don't abide by the rules  okay?  you get taken away from your mom, you get  you put into a foster home. How would you feel about that?
Following that exchange, the juvenile made incriminating statements.
The trial court denied the motion to suppress because the juvenile "never testified that he believed he was in custody nor did he ever attempt to leave [the] interview room. ..." The juvenile pled no contest to the charges, reserving his right to appeal the ruling on the motion to suppress.
On appeal, the juvenile argues the court erred in denying his motion to suppress because he was not given Miranda warnings. The State responds that Miranda warnings were not warranted because the juvenile was not in custody at the time of the interview.
"The question of whether a suspect is in custody is a mixed question of law and fact." Ramirez v. State, 739 So.2d 568, 574 (Fla.1999). The "in custody" requirement under Miranda is subjected to de novo review, accepting the court's factual findings if supported by competent, substantial evidence. See C.A.M. v. State, 819 So.2d 802, 804 (Fla. 4th DCA 2001) (quoting State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001)).
Miranda warnings are required when an individual is interrogated while in custody. Meredith v. State, 964 So.2d 247, 250 (Fla. 4th DCA 2007). "The ultimate inquiry is whether `a reasonable person placed in the same position would believe that his or her freedom of action was curtailed to a degree associated with actual arrest.'" Id. (quoting Ramirez, 739 So.2d at 573).
Four factors guide the determination of whether a suspect is in custody.
(1) the manner in which the police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.
Ramirez, 739 So.2d at 574. Applying the four-part test to our facts, we find the juvenile was "in custody."
First, the detective asked the juvenile's mother to bring him to the district office. The mother drove the juvenile to the second interview, which took place in a small room, under camera surveillance, without the presence of the juvenile's mother.
Second, the purpose, place, and manner of the interrogation support a finding that the juvenile was "in custody." The purpose of the interview was to obtain incriminating responses. The interview took place at the district office. Prior to the interview, the juvenile was placed in a five-by-five foot interrogation room and left alone with the door closed, under camera surveillance, while the detective spoke with his mother for sixteen minutes. When the detective entered the room, he advised the juvenile that his mother wanted him to tell the truth.
The detective repeatedly told the juvenile that he knew what he had done because he had been told by the co-defendant. The detective told him that he had failed to reveal information during the first interview and he could tell the juvenile was lying. The detective even indicated that he knew the juvenile was probably scared. And, the detective essentially threatened the juvenile with placement in a foster *227 home if he was considered out of control. The manner of this interrogation was accusatory, insistent, and coercive.
Third, the juvenile was repeatedly confronted with evidence of guilt. The detective told the juvenile that he already learned about his participation in the crime from the co-defendant. While the detective did not reveal details, he basically told the juvenile that he had not been truthful during the first interview, accused him of lying, knew he had been involved, and demanded the truth.
Fourth, the detective never informed the juvenile that he was free to leave. In fact, the circumstances militated against any thought that the juvenile was free to leave. The juvenile was placed into a small interrogation room alone under camera surveillance while the detective spoke to his mother. He was never advised of his ability to leave or his ability not to answer questions. After the interview, the detective left the juvenile in the room for a considerable amount of time. And, the DVD showed the juvenile repeating to himself, "Get me out of here; get me out of here."
Under the totality of the circumstances, a reasonable eleven-year-old child would not believe he was free to leave. See Lee v. State, 988 So.2d 52, 56 (Fla. 1st DCA 2008). The juvenile was "in custody" for Miranda purposes. See B.M.B. v. State, 927 So.2d 219, 222 (Fla. 2d DCA 2006). The trial court's reliance on the juvenile's failure to request to leave placed undue emphasis on only one factor, and failed to take into account the totality of the circumstances.
Because we find the juvenile to have been "in custody," Miranda warnings were required. The failure to provide them requires suppression of the juvenile's statements. We reverse the order denying the motion to suppress and remand the case to the trial court to vacate the disposition order and plea.
Reversed and remanded.
FARMER and HAZOURI, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).