COHEN, J.
The State appeals an order suppressing Shaun Perez’s admissions to a detective made without the benefit of the warnings set forth in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The facts are not disputed, only their legal significance.
In 2008, detectives with the Orlando Police Department began investigating a sexual battery when I.W., an eleven-year-old girl, reported going to Perez’s home with her thirteen-year-old girlfriend and having sex with Perez’s friend, Jammal Bradley. After giving a statement, I.W. and Detective O’Hern rode through Perez’s neighborhood and she pointed out the location of the sexual encounter. Later that day, O’Hern returned and made contact with Perez.
O’Hern informed Perez he was investigating a sexual assault which was reported to have occurred in the home. O’Hern identified Bradley as the suspect in the assault and explained that he wanted to gather evidence and question Perez about his knowledge of the assault. Although Perez was eighteen years old, he requested his mother be present for the interview. O’Hern allowed him to phone his mother *311 at work, and the two conversed casually while they awaited her arrival. Both Perez and his mother knew that Bradley had been arrested for having sex with an underage female in their home. When she arrived, Perez’s mother did not object to O’Hern’s presence in the home or to her son being interviewed. She believed O’Hern was there to discuss Bradley’s involvement in a sexual assault, rather than any involvement on the part of her son. When O’Hern asked her to leave the room because they were going to discuss sexual issues, a topic he asserted some people are uncomfortable talking about in front of their mothers, she agreed and left. Ultimately, Perez admitted having sex with the second female.
The resolution of this case depends on whether Perez was in custody at the time of his admission. This involves looking at the totality of the circumstances to determine whether a reasonable person in Perez’s position “would not feel free to leave or to terminate an encounter with the police.” Snead v. State, 913 So.2d 724, 727 (Fla. 5th DCA 2005). The Florida Supreme Court set forth four factors to consider in making this determination:
(1) the manner in which police summon the suspect for questioning; (2) the purpose, place, and manner of the interrogation; (3) the extent to which the suspect is confronted with evidence of his or her guilt; (4) whether the suspect is informed that he or she is free to leave the place of questioning.
Ramirez v. State, 739 So.2d 568, 574 (Fla.1999).
Because the trial court’s custody determination is a mixed question of law and fact, we defer to its findings of historical facts, as long as they are supported by substantial, competent evidence, but review de novo the constitutional issue. Snead, 913 So.2d at 727.
In its findings, the trial court was concerned with Detective O’Hern’s candor. The trial court believed, despite O’Hern’s testimony to the contrary, that O’Hern deceived Perez into believing he was investigating Bradley, when, in fact, he intended to investigate Perez’s conduct with the second female. Specifically, the trial court stated:
I believe he was going there for the express purpose of targeting Mr. Perez for investigation as to the second sexual encounter that he had been told had occurred.... And he didn’t want to come back a second time, which the innuendo is he knew if he came back a second time, he would have to read Miranda warnings....
The trial court’s belief is not dispositive for two reasons. First, it is unsupported by the record. Although O’Hern may have suspected it was a possibility, or even a likelihood, that Perez had sex with the second female, at the time he questioned Perez, she had neither filed a complaint nor been interviewed. There was also no evidence that I.W. learned the second female had sex with Perez and relayed that to the detectives. Second, even if the trial court’s belief were true, O’Hern’s purpose for questioning Perez is but one of the considerations identified in Ramirez.
Perez asserts the trial court correctly determined he was in custody because O’Hern removed his mother from the room and did not advise Perez that he was free to end the conversation. According to Perez, these facts are analogous to Lee v. State, 988 So.2d 52 (Fla. 1st DCA 2008), and mandate affirmance.
In Lee, the police investigated a juvenile for similar charges faced by Perez. When the police first went to Lee’s home, he was in school so an appointment was scheduled for two days later. Lee was kept home *312 from school and initially questioned in his parents’ presence. In the face of Lee’s repeated denials of wrongdoing, the deputy told the parents to leave the room and resumed questioning. After Lee continued to deny the allegations, the deputy repeatedly told Lee the victim reported having sex with him and that they had evidence of the sexual encounter in the form of the victim’s underwear and bed sheets. Ultimately, Lee admitted his involvement. In affirming the suppression of Lee’s admissions, the court concluded Lee was in custody because he was the subject of the investigation, was isolated from his parents, was subjected to repeated, insistent questioning, and was confronted with evidence of his guilt. We find Lee distinguishable.
In the case at bar, Perez was not pulled away from school or work to answer O’Hern’s questions. Perez was not told that he must be at home so that he could be questioned. Rather, Perez invited O’Hern into the home and a casual conversation ensued while waiting for Perez’s mother to arrive. Ordinarily, a person is not considered to be in custody when he invites a law enforcement officer into his home and agrees to answer questions. See Snead, 913 So.2d at 726. The testimony also indicated the interview was conducted in a non-threatening manner and the tone was conversational, not confrontational. Even assuming O’Hern targeted Perez for investigation, the fact that O’Hern was invited into the home and the non-threatening manner in which the questioning took place weigh in favor of finding that Perez was not in custody.
Perez was also never confronted with evidence of his guilt. As the court observed in State v. Pitts, 936 So.2d 1111, 1127 (Fla. 2d DCA 2006), this factor can “weight ] heavily in the balances.” When a “reasonable person in the suspect’s position would understand that the police have probable cause to arrest the suspect ... that circumstance militates strongly toward the conclusion that the suspect is in custody.” Id. at 1128. Because O’Hern did not confront Perez with any evidence of his guilt, this factor likewise indicates that Perez was not in custody.
Weighing in favor of finding custody are O’Hern’s failure to advise Perez he was free to end the conversation at any time and O’Hern persuading Perez’s mother, whom Perez requested be present for the interview, to leave the room. However, balancing all the facts in light of the four-part test in Ramirez leads us to conclude that a reasonable person in Perez’s situation would not have believed himself to be in custody. Accordingly, we reverse the order suppressing Perez’s confession and remand to the trial court for further proceedings.
REVERSED and REMANDED.
GRIFFIN and JACOBUS, JJ., concur.